WILLIAM WALLACE, Respondent, *v*. MARGARET FEE, Appellant.

(Argued December 18, 1872; decided December 24, 1872.)

THE parties were seized each of a portion of lot twenty-nine in the city of Rochester, deriving title from a common source; by that the west boundary of the lot was given as "the east line of Clyde street." Plaintiff's deed (which was the prior one) conveyed to him the north half of the lot, and also the northerly half of a dwelling-house situate thereon, described as "fronting on Clyde street," with the land on which it stands, "being about sixteen feet square, with the

appurtenances," etc.   The south-west corner of the north half of the house projected about seven feet upon the south half of the lot.   Defendant's deed conveyed to him the south half of the lot, excepting and reserving therefrom the land upon which plaintiff's half of the dwelling-house stands.   At the date of the deeds the west side of the house was upon the east line of Clyde street, as opened and used.   Subsequently the city authorities changed the street, moving the east line thereof to the westward four feet ten inches.   Plaintiff took possession of and inclosed the space thus left in front of his half of the house.   Defendant tore down the fence, claiming title as far north as the north line of the south half of the lot.   Plaintiff sued for the trespass.

*Held*, 1st. That the original title, and the right of possession of the parties, as derived therefrom, extended no further west than the east line of Clyde street, as it then was.   2d. That the language of the description in plaintiff's deed carried his right to the center of the street ; and when the public abandoned its easement plaintiff became entitled to the exclusive use of that part of the street abandoned, adjacent to and in front of his half of the house ; that in either view defendant had no right in or title to the *locus in quo*, and was therefore liable.   The case of *Comstock* v. *Johnson* (46 N. Y., 615) distinguished.

*James C. Cochrane* for the appellant.

*George F. Danforth* for the respondent.

FOLGER, J., reads for affirmance.   All concur.

ANDREWS and RAPALLO, JJ., upon the ground that plaintiff was in possession and defendant had shown no title.

Order affirmed, and judgment absolute againt defendant.