## CLARK *v.* ROCHESTER CITY & B. R. Co.

*(Supreme Court, General Term, Fifth Department. October, 1888.)*

**1. BOUNDARIES—STREETS.**
  A conveyance of a lot, naming a street boundary as a certain number of feet on the south line thereof, manifests an intention to exclude the bed of the street from the operation of the grant, and the ordinary presumption, that the grantor intended to convey *usque ad medium filum*, does not apply.[1]

**2. EMINENT DOMAIN—HORSE AND STREET RAILROADS—ABUTTING OWNERS.**
  The construction, with the consent of the legislature, of a surface street railroad in a public street for the carriage of passengers, the cars to be drawn by horses, is not such a taking of the property of abutting owners, who have no title to the bed of the street, for public use, as entitles them to compensation.[2]

Appeal from judgment on report of referee.

---

[1] As to the rights of a grantee in land conveyed as bounding on a public highway, see Church v. Stiles, (Vt.) 10 Atl. Rep. 674, and note; Railway Co. v. Witherow, (Ala.) 3 South. Rep. 23, and note; Schneider v. Jacob, (Ky.) 5 S. W. Rep. 350, and note; Chapin v. Brown, (R. I.) 10 Atl. Rep. 639, and note.

[2] Respecting the rights of abutting property owners when a railroad company lays its tracks in the streets, see Wilson v. Railroad Co., *ante*, 65, and note; Tallman v. Railroad Co., Id. 130, and note; Adams v. Railroad Co., (Minn.) 39 N. W. Rep. 629, and note.

The Rochester City & Brighton Railroad Company is a duly-organized corporation, authorized by its charter to construct and operate a surface street railroad in the city of Rochester. Judgment, on report of referee, in favor of Carrie E. Clark, restrains it from operating its road in and over and upon that portion of Park avenue which lies adjacent to the premises described in the complaint, and south of the center line thereof. No damages were awarded the plaintiff, but costs were allowed, which were taxed at $585.58. At the time of the commencement of the action the plaintiff was the owner of the premises in fee. Since the joining of the issues, and before the trial, the plaintiff alienated and gave possession of the premises to Catherine S. Daly, who went into immediate possession, and at the time of the trial was in the actual possession of the premises. The grantee has not been substituted as plaintiff, nor made any application to be; and it does not appear from the record that she assumed control and management of the action, or desired a further prosecution of the same after she purchased the premises. Before the trial now under review, the defendant, upon leave being granted by the court, pleaded in bar of the equitable relief granted the fact of such conveyance. The permanent relief demanded by the complaint is that the defendant be restrained from laying down, or constructing, or operating, its road through Park avenue, and that the plaintiff have such other and further relief in the premises as may be proper. At the time of the commencement of the action the defendant had not constructed the road, and put it in operation, but was preparing to do so, and before the trial had completed the same, and put it in operation. The referee found, as a fact, that the rails of the road are laid upon ties imbedded in the street along the center line thereof, with more or less excavation and grading, and leaving the surface of the street rough and uneven; that the rails are liable to catch, and prevent the wheels of wagons from crossing the track freely, and the frequent running of the defendant's cars, in a large degree, practically excludes the traveling public, with ordinary road vehicles, from the use of, at least, the full and unobstructed use and enjoyment of the part of the street occupied by the defendant's track; and, in the winter season, it becomes necessary for the defendant, in order to operate its railroad, and run its cars frequently, to scrape or clear the snow from defendant's track, and on such occasions pile the snow in quite large quantities in ridges on each side of the track, and within the curb-stones of the sidewalks, making the use of the crossing quite difficult and unsafe for travel, and thus greatly obstructing and interfering with the lawful use of such street by the plaintiff opposite her premises; and, all travelers having occasion to use such street for ordinary travel, no recovery for damages was demanded. Defendant appeals.

Argued before BARKER P J., and HAIGHT, BRADLEY, and DWIGHT, JJ.

S. D. Bentley, for appellant. Quincy Van Voorhis, for respondent.

BARKER, P. J., (after stating the facts.) The referee held, as matter of law, and the judgment determines, that, at the time of the commencement of the action, the plaintiff was the owner in fee of that portion of Park avenue which lies south of the center line thereof, in front of the premises described in the complaint, which were then owned and occupied by the plaintiff, subject to the right of the public to use the same as a public street. The decree restraining the defendant from operating its road over and upon that portion of the street is based upon such possession and ownership found by the referee to be in the plaintiff. The controversy, as to the right of the plaintiff to the relief granted, involves the proper construction to be given to the description of the premises conveyed by the executors of the last will and testament of Silas O. Smith, to Susan H. Murray, executed in 1865, which embraced these and other lands described as one parcel in the said deed. At that time Park avenue was, as it now is, a public street, which had been dedicated to the public use by Smith, who was the owner in fee of the tract of land over and

through which Park avenue was laid out, which street intersects with other public streets in the city of Rochester. After the dedication, and in his lifetime, Smith made a plot of his land, showing the size and number of each of the lots into which he had subdivided the tract, and filed the same in the county clerk's office. Lot No. 5, as laid out and designated on the map, is on the south side of Park avenue, and embraced the premises owned by the plaintiff at the time of the commencement of this action. The question for our determination is, did the executors of Smith convey to Murray the fee of the land to the center of Park avenue? or did they, by their conveyance, limit the premises conveyed to the south exterior line of such street? After referring to the township division in which the premises are located, the balance of the description is as follows, viz.: "All that certain piece or parcel of land known as lot No. 5, in subdivision of a part of the home lot of the late Silas O. Smith, bounded as follows: On the north five hundred and twenty-nine feet and six inches, on the south line of Park avenue as now established; on the east by the west line of Meigs street, one hundred and fifty feet; on the south by lot No. 6, five hundred and twenty-six feet and six-tenths ft.; and on the west by the east line of the Bixby tract, one hundred and fifty-nine feet,—containing eighty-seven and one one-hundredth acres, be the same more or less; reference being had to a map on file in the office of the clerk of Monroe county, made by Silas Beardsley, in November, 1865." Where lands are bounded by a public street, the legal presumption is that the grantor intended to convey the soil. *Usque ad medium filum.* This presumption prevails in all cases, unless the contrary intention is clearly expressed in the language used, locating and describing the premises which are the subject of the grant. *Bank* v. *Nichols*, 64 N. Y. 65. Our conclusion is that the grantors of Murray did not convey to her the fee of any part of the road-bed of Park avenue, and they, by the use of the words of the description, viz., "bounded as follows: On the north five hundred and twenty-nine feet and six inches, on the south line of Park avenue as now established,"—clearly manifested their intention to exclude the bed of the street from the operation of the grant, and made the north boundary line of the premises conveyed the south exterior line of Park avenue. The construction which the courts give to the description of the premises contained in deeds in analogous cases, with a view of ascertaining the intention of the grantor, has satisfied our minds that the learned referee was in error in holding that the plaintiff was the owner of the fee to the center of the avenue. We content ourselves with citing the following cases, which, among others, we rely upon in support of our views: *English* v. *Brennan*, 60 N. Y. 609; *Wallace* v. *Fee*, 50 N. Y. 694; *Insurance Co.* v. *Stevens*, 87 N. Y. 287; *Bissell* v. *Railroad Co.*, 23 N. Y. 61; *Perrin* v. *Railroad Co.*, 36 N. Y. 120. If the plaintiff had acquired a title to the center of the street, then the judgment would have been supported by the rule stated in *Craig* v. *Railroad Co.*, 39 N. Y. 404.

As the plaintiff has no title to the lands on which the defendant's road is located and constructed, the question is presented whether, as the owner of lands bounded on the street, she is entitled to an injunction restraining the defendant from building and operating a street railroad in Park avenue opposite her premises, for the reason that her property is taken for a public use without a just compensation being made therefor, contrary to the provision of the constitution? The abutting owners of lands have an easement in the street in common with the whole public to pass and repass, and also to have free access to and from their premises. It is now established, by the decision of the courts of last resort in this state, that the construction of a surface street railroad in a public street, with the consent of the legislature, and for the carriage of passengers, the cars to be drawn by horses, is not such an infringement upon the property rights of an abutting land-owner, who has no title to the bed of the street, so as to entitle him to compensation under the

provisions of the constitution that private property shall not be taken for public use without just compensation. *People* v. *Kerr*, 27 N. Y. 188; *Kellinger* v. *Railroad Co.*, 50 N. Y. 206; *Story* v. *Railroad Co.*, 90 N. Y. 122; *Mahady* v. *Railroad Co.*, 91 N. Y. 148. There is no substantial difference between the cases in which the legal title to the bed of the street is in private individuals, and those in which it is in the public, as to the rights of the public therein; and in either case the street is to be deemed open and free for public passage, and may be used for the operation of a street surface railroad. *People* v. *Kerr, supra*. If Park avenue should be discontinued as a public street, there would be no reversion of the title to the plaintiff; and the owner of the fee, whoever he may be, at that time, could devote the land to any lawful use consistent with the enjoyment of the plaintiff's easement. The question is not now here for our consideration whether upon the facts, as found by the referee, the plaintiff could maintain an action against the defendant for damages, for an improper use of its franchise, which resulted, as the plaintiff alleges, in an interference with the use of the street, and to the annoyance and injury of the plaintiff in passing to and from her premises. We do not consider that the case of *Pratt* v. *Railroad Co.*, 19 Hun, 30, or that of *Fanning* v. *Osborne*, 34 Hun, 121, holds any legal proposition inconsistent with the conclusions we have reached in this case. In each of those cases the plaintiff was, as in this case, bounded by the exterior line of the street in which the railroad was laid, or intended to be laid, down by the defendants. In the first of these cases, the defendant was organized to build and operate a steam railroad under the general railroad act, for the conveyance of passengers and freight; in the second case, the corporation was organized to operate a surface street railroad, and the injunction only restrained the defendant from the use of steam as a motive power. The case last cited was reviewed in the court of appeals, and the judgment affirmed on the grounds not noticed in the court below. 7 N. E. Rep. 307.

On the argument the appellant contended that the alienation of the premises by the plaintiff barred her right of action, and that she is not entitled to relief in any form. As we have held that the plaintiff was not entitled to an injunction restraining the defendant from operating its road, if she had remained the owner of the premises, the question does not need consideration on this appeal. If the plaintiff, prior to the conveyance, had a right of action for damages against the defendant, based upon the improper and unlawful use of its franchise, it was not assigned or transferred to her grantee, nor lost to her by such conveyance, and she may yet recover her damages in a proper action. By the judgment the plaintiff was awarded equitable relief only, and we have not considered the question whether the complaint is properly framed for the recovery of damages, if the plaintiff has sustained any which may be recovered in an action at law. Judgment reversed, and new trial granted before another referee, with costs to abide the event. All concur.