WHITE'S BANK OF BUFFALO, Appellant and Respondent, v. ASHER P. NICHOLS, Appellant and Respondent.

Where a deed describes the granted premises as beginning at the intersection of the exterior lines of two streets, the point thus established controls the other parts of the description, and lines running along the streets are thereby confined to the exterior lines of the streets, and the soil of the street is not included in the grant.

Descriptions in grants are to be interpreted in reference to monuments and circumstances existing at the time, in the absence of any evidence in the grant that the parties contemplated a shifting boundary or any change in the lines; a change, therefore, in the point of intersection of two streets thus made the starting point, by a change in the width of one of the streets, will not extend or affect the grant.

An owner of an easement does not, by asserting a right to the fee of the servient estate, and by taking possession thereof, destroy his right to the easement. No acts of such owner will extinguish his right, save those that indicate his intention to abandon it, unless other persons have been led by such acts to believe the right abandoned, and to act upon the belief so that an assertion of the right will be to their injury.

B. and P., being the owners of certain lands in the city of Buffalo, divided

it into lots and caused a map to be made thereof, designating thereon G. street as sixty-three feet wide. They conveyed a lot by deed, under which defendant claims, in which the granted premises were described as commencing at the intersection of the exterior lines of G. and another street. B. and P. subsequently conveyed their interest in the soil of G. street, and this interest was conveyed to plaintiff. G. street, as laid out, was opened and used, but was, after such deed was executed, reduced by the common council of the city to a width of twenty-three feet, the center line remaining the same. Defendant took possession of and fenced in the portion of the street adjoining his inclosure up to the new line, claiming to own the fee. In an action of ejectment to recover the land between the old and new street lines, *held*, that the soil of the street was not included in the grant under which defendant claimed, but the fee thereof was in the plaintiff; that the change of the exterior lines of the street did not change or affect defendants' boundary lines; that his grant, however, gave to him an easement in the premises in question, which easement was not extinguished by his inclosing the land and asserting a right to the fee; also, *held*, that the fact that defendant had taken exclusive possession did not entitle plaintiff to an unqualified judgment, but simply to judgment giving him possession subject to defendant's easement.

(Argued January 19, 1876; decided February 1, 1876.)

THESE are cross appeals from a judgment of the General Term of the Supreme Court in the fourth judicial department, modifying, and affirming as modified, a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This was an action of ejectment. In the year 1834 George R. Babcock and Heman B. Potter were the owners of block number thirty-one, in the city of Buffalo. In that year they made a map of this block, dividing it up into lots, and designating Garden street, extending from Carolina street to Virginia street, sixty-three feet wide. After the making of this map, and with reference to it, they sold and conveyed, by warranty deeds, all those portions of said block bordering on Garden street as so laid. They conveyed to Philander W. Sawin, July 22, 1835, lot number five on said copy of map, described in the deed as follows: "Beginning on the north-westerly line of Carolina street at its inter-

section with the north-easterly line of Garden street; thence north-westerly along the north-easterly line of said Garden street to a part of said block heretofore conveyed by the said Heman B. Potter and his wife and George R. Babcock to one Jacob T. Merritt; thence north-easterly bounding on said Merritt's land to the north-easterly line of said block; thence south-easterly along the line of said block to the State line; thence southerly along the State line to Carolina ·street, and thence south-westerly bounding on Carolina street to the place of beginning, containing more or less."

By quit-claim deeds executed in 1853 they conveyed to one John A. Campbell their interest in Garden street, and the interest acquired by Campbell under those deeds has vested in the plaintiff.

Defendant acquired the interest in said premises conveyed to Sawin, and inclosed his lot with the fence on the easterly line of Garden street, being on the easterly line of said street, as a street sixty-three feet wide, as located on said map. The other owners of property on both sides of Garden street through to Virginia street also inclosed their lots, placing fences on the east and west sides of Garden street, as sixty-three feet wide, and said street so remained until 1869.

In February, 1869, the common council of the city of Buffalo ordered the lines of Garden street to be staked out, and the boundaries recorded, and this was done, the boundaries being the same as shown by the map. In July, 1869, a petition was presented to the common council signed by land-owners fronting upon the street, asking that Garden street be contracted to the width of twenty-three feet. In accordance with this petition, and pursuant to the city charter, a resolution was duly passed in August, 1869, directing such contraction, and the record of the street accordingly, which contraction and record were made accordingly. In May, 1873 the defendant inclosed with a substantial fence, and took actual and exclusive possession of the premises between the old and the new line of Garden street, which are the premises described in the complaint.

The Special Term gave judgment adjudging that defendant deliver up possession of the premises, "and that the plaintiff have possession thereof."

The General Term modified the judgment by adding after the words above quoted the following: "Subject to an easement of defendant therein, of passage to and from Garden street over said premises."

*James J. Allen* for the appellant.   The conveyance, under which defendant claims, vested in the grantee the title to the center of Garden street, subject to the easement of the street. (*Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y., 62; *Perrin* v. *N. Y. C. R. R. Co.*, 36 id., 120; *Lozier* v. *N. Y. C. R. R. Co.*, 42 Barb., 465; *Berridge* v. *Ward*, 100 E. C. L., 400 [10 C. B., N. S.]; *Paul* v. *Carver*, 24 Penn., 207; 26 id., 224; *Cox* v. *Friedley*, 33 id., 124; *Champlin* v. *Pendleton*, 13 Conn., 23; *Johnson* v. *Anderson*, 18 Me., 76; *Stiles* v. *Curtis*, 4 Day, 338; 2 Smith's L. Cas. [6th Am. ed], 237; Tyler on Law of Boundary, 109; *Buck* v. *Squires*, 22 Vt., 493–497; *Adams* v. *S. and W. R. R. Co.*, 11 Barb., 414, 452, 453; *Walter* v. *Tifft*, 14 id., 219; *Durham* v. *Williams*, 37 N. Y., 251; *People* v. *Lambeir*, 5 Den., 16; 3 Kent's Com. [10th ed.], 566, note *a; Wallace* v. *Fee*, 50 N. Y., 694; *Glover* v. *Shields*, 32 Barb., 374.)   The frontage on Garden street as a public street, so long as it should remain a street, was to be enjoyed by Sawin and his grantees perpetually under the deed. (*Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y., 61; 36 id., 120; 42 Barb., 465; Ang. on Watercourses, chap. 5; *Jackson* v. *Hathaway*, 15 J. R., 447; *Cook* v. *McClure*, 58 N. Y., 441.)   If defendant had not the title to the premises, he had an easement thereon which could not be lost by disuse. (*Fox* v. *United Sugar Refinery*, 109 Mass., 292; *Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y., 63; *Jewett* v. *Jewett*, 16 Barb., 157; *Smyles* v. *Hastings*, 22 N. Y., 224; *Ward* v. *Ward*, 14 E. L. and Eq., 413.)   To establish an extinguishment, the intent to abandon the easement must be proved. (*Dyer* v. *Sanford*, 9 Metc., 402; *Hayford* v. *Spokesfield*, 100 Mass., 491; *Lovell* v.

*Smith,* 3 C. B. [N. S.], 120; *Ward* v. *Ward,* 7 Exch., 838; *Hale* v. *Oldroyd,* 14 M. & W., 789.)

*Sherman S. Rogers* for the respondent. The deed from Babcock and Potter to Sawin conveyed ·to the line of the street only, and not to the center of it. (*Childs* v. *Starr,* 4 Hill, 382; 20 Wend., 149; *Halsey* v. *McCormick,* 3 Kern., 296; *Sherman* v. *McKeon,* 38 N. Y., 272; *Hammond* v. *McLachlan,* 1 Sand., 323; *Herring* v. *Fisher,* id., 344; *Jones* v. *Cowman,* 2 id., 234; *Anderson* v. *James,* 4 Robt., 38; *Coster* v. *Peters,* 5 id., 204; *Wetmore* v. *Law,* 34 Barb., 515; 2 Smith's L. Cas., 187; *Newall* v. *Ireson,* 8 Cush., 598; *Sizer* v. *Devereux,* 16 Barb., 166.) Defendant by fencing in the *locus in quo* and offering it for sale, abandoned his easement in the same as a part of Garden street. (Washb. on Easements, 541, 548; *Crain* v. *Fox,* 16 Barb., 184; 3 Kent's Com., 449; 2 Washb. on R. E., 25.) Whether the easement was or was not abandoned, this action will lie because defendant had appropriated the street to his exclusive use in a way to subvert the public use. (*Williams* v. *Cen. R. R. Co.,* 16 N. Y., 97; *Carpenter* v. *O. and S. R. R. Co.,* 24 id., 655; *Wager* v. *T. U. R. R. Co.,* 25 id., 526; *Perrin* v. *N. Y. C. R. R. Co.,* 36 id., 120, 127.)

ALLEN, J. Both plaintiff and defendant appeal from the judgment of the Supreme Court in this action, each claiming to be entitled to the exclusive possession and beneficial enjoyment of the premises in dispute. The court below adjudged the plaintiff to be the owner in fee, and the defendant to be entitled to an easement in the premises, substantially destructive of the value of the proprietary right of the plaintiff.

Both parties derive title from a common source, that of the defendant being prior in point of time to that under which the plaintiff claims. The controversy hinges upon the construction and effect of the grant of the original proprietors of the premises owned by the defendant, and the extent and limits of that grant. The original proprietors being the

owners of a large tract in the city of Buffalo, of which the premises in dispute, as well as those confessedly owned by the defendant were a part, subdivided the same into lots, making a map thereof upon which was designated a street called Garden street, sixty-three feet in width, and conveyed the several lots or parcels to different grantees with reference to the map. The premises of the defendant were conveyed to one Sawin, and bounded upon Garden street on the west, and the defendant, as the grantee of Sawin, claims that the grant carried the fee to the center of the street, subject to an easement in favor of the grantees of other portions of the tract and the public, in the street as laid down upon the map, and that the width of the street having been reduced by twenty feet upon each side, he is the owner of that twenty feet divested of the easement.

Whether a grant of lands bounded by a street, highway or running stream, extends to the center of such street, highway or stream, or is limited to the exterior line or margin of the same, depends upon the intent of the parties to the grant as manifested by its terms, so that the question as to the true boundary is, in all cases, one of interpretation of the deed or grant.

Learned judges have contended, and in some of the States it has been substantially held, that in such cases the question of boundary is rather one to be determined by reasons of public policy than by the intent, determined by the ordinary rules of construction, although in no instance is it claimed that a grantor may not restrict his grant so as to exclude the soil of the street, highway or stream; the most that is claimed by any is that nothing short of an intention, expressed *in ipsis verbis,* to exclude the soil in such cases should exclude it.

The rule, however, in this State is well settled, that no particular words or form of expression is necessary to restrict the grant to the exterior line of a street or margin of a stream, and exclude the soil of each; but that while the presumption is in every case that the grantor does not intend to retain the fee of the soil within the lines of the street or under the

water, such presumption may be overcome by the use of any terms in describing the premises granted, which clearly indicate an intent not to convey the soil of the street or stream. It is not sufficient to exclude from the operation of the grant the soil of a highway, *usque ad medium filum*, that the grant is made with reference to a plan annexed, the measuring or coloring of which would exclude it, or by lines and measurements which would only bring the premises to the exterior line of the highway, or that they are bounded generally by the line of the highway or along the highway, or by any similar expressions.

Although the highway is in one sense a monument, it is regarded as a line, and the center of the highway in such case is regarded as the true boundary indicated, as is the case when a tree, stone or other similar object is designated as a monument; the center, in the absence of any other indication, is regarded as giving the true boundary or limit of the grant. (*Berridge* v. *Ward*, 10 C. B. [N. S.], 400; *Wallace* v. *Fee*, 50 N. Y., 694; *Perrin* v. *N. Y. C. R. R. Co.*, 36 id., 120; *Bissell* v. *The Same*, 23 id., 61; *Banks* v. *Ogden*, 2 Wall., 57.) But when the words clearly indicate an intention to exclude from the operation of the grant the soil of the highway, it is equally well settled that it does not pass, and the grantor retains the title, subject only to any easement which may exist in the public or in the grantee of the adjacent lands. (*Marquis of Salisbury* v. *G. N. Railway Co.*, 5 C. B. [N. S.], 174; *Jackson* v. *Hathaway*, 15 J. R., 447; *Smith* v. *Slocomb*, 9 Gray, 36; *Hoboken Land Co.* v. *Kerrigan*, 30 N. J. Law Rep., 16.) The grant under which the defendant claims title, describes the granted premises as commencing at the intersection of the exterior lines of two streets, of which Garden street is one, and so as necessarily to exclude the soil of the street. The point thus established is as controlling as any monument would have been, and must control the other parts of the description; all the lines of the granted premises must conform to the starting point thus designated, so that while but for this designation of the commencement

of the survey or boundary, the lines along Garden street and Carolina street might, within the general principles before referred to, be carried to the center of those streets respectively, they are necessarily confined to the exterior lines of the streets, so as to connect at this starting point. The precise point was decided by this court. (*English* v. *Brennan*, 60 N. Y. [Mem.], 609.)

The defendant therefore acquired, and has, no title to the soil of the street, but the fee is in the plaintiff, and although the acquisition may be entirely barren and the recovery in this action be entirely fruitless, he is entitled to a judgment for the fee of the land subject to any easement which the defendant may have in the same.

The claim of the defendant which has something of plausibility and equity to sustain it, that upon the assumption that by the grant to Sawin the soil of the street was excluded, yet the exterior lines of Garden street being changed, the center remaining the same, his boundary line necessarily changed so as to conform to the reduced width of the street and preserve his frontage upon it cannot be sustained. The lines of his grant are fixed and permanent, and were established in reference to the circumstances as they then existed, and cannot be changed to conform to any altered condition, or circumstances, in the absence of any evidence in the grant that the parties contemplated a shifting boundary or any change in the lines or increase of the area of the lot granted, or to provide for any change in the line or width of the street as the same should be adopted or used by the public. Grants are always to be interpreted in reference to monuments and circumstances existing at the time, and cannot be extended so as to include other lands by implication or by conjecture that possibly had the parties foreseen changes in matters affecting the grant, they might have made it in other or different terms. (*Falls Village Waterpower Co.* v. *Tibbetts*, 31 Conn., 165; *Weisbrod* v. *C. and N. W. R. R. Co.*, 18 Wis., 35; *Banks* v. *Ogden, supra; Tibbetts* v. *Estes*, 52 Me., 566; *Kirkham* v. *Sharp*, 1 Whart., 323; *Cook* v.

*McClure*, 58 N. Y., 437.) The defendant acquired no title either vested or contingent, in any part of the street as designated on the map, in reference to which his lot was granted by the original proprietors.

The only other question presented by the record is as to the claim of the defendant to an easement in the premises in question. The general rule is, that where the owner of land in a city lays out a street through it and sells lots on each side of the street, the public have an easement of way or right of passage, although it may not become a public highway in the ordinary sense of that term until the dedication is accepted and the street adopted by the corporation, and the grantees of the lots are entitled as purchasers to have the interval or space of ground left open forever as a street, and to the right of using the way for every purpose that may be usual and reasonable for the accommodation of the granted premises. Neither the corporation of the city, or the State authorities, or the grantor can do any act to impair this right or restrict the grantees in the enjoyment of it.

The lot owners having the right to this easement may exclude the owner of the soil himself. (*Kirkham* v. *Sharp*, *supra; In re Twenty-ninth St.*, *N. Y.*, 1 Hill, 189.) When land is granted bounded on a street or highway there is an implied covenant that there is such a way, that so far as the grantor is concerned it shall be continued, and that the grantee, his heirs and assigns shall have the benefit of it. (*Parker* v. *Smith*, 17 Mass., 413; *Parker* v. *Framingham*, 8 Met., 260; *Bissell* v. *N. Y. C. R. R. Co.*, *supra; Fox* v. *The Union Sugar Refinery*, 109 Mass., 292.) The defendant did not, by his assertion of right to the fee and inclosing the land, destroy or extinguish his right to the easement. His action, based upon the idea that he owned the fee of the street, that the lesser was merged in the greater estate, was no evidence of his intention to surrender the easement for the benefit of the owner of the soil, should his claim to the fee prove to be ungrounded. An attempt to use the premises as owner of the fee did not indicate or tend to prove an intent

to abandon the easement. Mere non-user would not extinguish the easement, neither does a claim inconsistent with the easement have that effect. (*Smyles* v. *Hastings*, 22 N. Y., 217; *Hayford* v. *Spokesfield*, 100 Mass. 491; *Ward* v. *Ward*, 7 Exch., 838; *Hale* v. *Oldroyd*, 14 M. & W., 789; *Lovell* v. *Smith*, 3 C. B. [N. S.], 120.)

But it is urged in behalf of the plaintiff that the defendant, by fencing in the *locus in quo*, abandoned the easement, and that by such abandonment it was extinguished and gone forever. It is not easy to define what acts of the owner of an easement could operate to extinguish the same; but in all cases the act must be judged by the intention indicated by it, and nothing short of an intention to abandon the right will operate to extinguish it, unless other persons have been led by such acts to treat the servient estate as if free of the servitude. In such case the easement could not be resumed without doing injustice to those who have acted upon the faith that it was abandoned, and upon the appearance of abandonment. (Washburn on Easements, 543.) *Stokoe* v. *Singers* (8 E. & B., 31) ; *Corning* v. *Gould* (16 Wend., 531) and *Crain* v. *Fox* (16 Barb., 184), were decided mainly upon the theory of an estoppel, the court in each of the cases laying stress upon the fact that the owners of the easements claimed had, by their acts and the manner in which they had built upon the premises, induced the parties subsequently acquiring title to the servient premises to believe that they were free from the burthen of the easement. But where there has been no change in the title, and parties have not been led to change their position or condition in consequence of the acts of the owner of the easement, and the latter can resume the easement without injury to the rights of any one, he may do so, although he may temporarily cease to use the same, or his acts may be inconsistent with the existence of the easement. (*Stokoe* v. *Singers*, *supra* ; *Lovell* v. *Smith*, *supra*.) In this case the act of the defendant in inclosing the *locus in quo*, must be referred to a purpose other than to abandon the easement. Both parties claimed to be the abso-

lute owners of the land inclosed; the plaintiff claiming that by the change in the line of the street, it was discharged of the easement in favor of the plaintiff in respect to his lot, and of the public; and the defendant claiming that by the same change in the line of the street the boundary line of his lot was upon the line of the street as changed. The inclosure was with a view to the benefits which would result in any controversy that might arise from actual possession, and not with intent to abandon the easement if, in fact, his boundary line was upon the street as originally designated. The inclosure was the result of a mistake as to the limits of his grant, rather than evidence of an intent to abandon the right to a street upon the westerly line and adjoining his lot as the boundary should be finally determined.

It is also claimed in behalf of the plaintiff that the defendant, having taken exclusive possession of the premises in dispute, the judgment should have been without qualification in respect of the easement claimed. In support of this proposition he cites *Williams* v. *N. Y. C. Railroad* (16 N. Y., 97); *Carpenter* v. *O. and S. Railroad* (24 id., 655); *Wager* v. *The Troy Union Railroad* (25 id., 523); *Perrin* v. *N. Y. Cent. Railroad* (36 id., 120). In the first three cases referred to the defendants were trespassers, having no right to occupy the *locus in quo* for any purpose; and in the last case cited a judgment for the plaintiff was reversed by this court; so that nothing is decided affecting the question now made. The plaintiff here was not, as against the defendant, entitled to a judgment without qualification, and which might be held to destroy the easement. A judgment for the possession, subject to the easement, gave it all to which it was entitled.

The General Term of the Supreme Court properly modified the judgment at the Circuit by qualifying the right of the plaintiff, who was not entitled to the possession absolutely and divested of the easement of the defendant. A judgment against the defendant, giving the plaintiff as owner in fee an unqualified judgment for the possession, would have been erroneous, and only led to additional litigation, in which

neither party could have gained any thing. The judgment appealed from establishes the rights of the parties according to well settled legal principles, and must be affirmed.

As both parties fail in their appeal, the affirmance should be without costs to either party, as against the other, in this court.

All concur.

Judgment affirmed.