By the Court.—Curtis, Ch. J.
The defendants were obligated by the covenant in their deed, not to erect any building upon the lots conveyed to them, within six feet of the south side of Thirtieth street. In violation of this obligation they commenced the erection of a structure five stories in height, with bay-windows and a porch rising from their foundation on *442 the ground the entire height of the edifice, occupying the greater part of the land reserved on the south side of Thirtieth street. The porch was sixteen feet and eight inches in width, extending to the line of Thirtieth street, and the bay-windows approaching it within a few inches.
The plaintiff owning the adjoining house, west of this building, subject to the same restriction, and built in accordance with it, seeks by injunction to prevent this infringement upon the enjoyment of his premises. It is evident that his complaint, that the light, air, and view which he had been accustomed to enjoy on his own premises would be materially diminished by defendant’s building, is well founded.
No question is raised as to the right of the original grantors of the lots to make the covenant in question, for their mutual benefit and that of their grantees.
The defendants insist that there has been an abandonment by.the plaintiff of the restriction. That the Greers, parties to the original agreement, made May 25, 1868, containing this restriction, and at that time the owners of both the plaintiff’s lot and the. defendants’ adjoining four lots, maintained or permitted a private stable on the lots afterwards conveyed to the defendants, and that the plaintiff assented thereto, and allowed it to remain for nine years, until removed by the defendants. __ The evidence fails to show that this stable was one of the class prohibited by the restriction, and even if it had been, there is no evidence of any assent or allowance by the plaintiff that it should remain there. The vested rights of the plaintiff, under this agreement, would not be impaired by reason of the Greers violating one of its provisions, even if ‘they had done so.
The defendants claim that the plaintiff when build-his own house, No. 16 West Thirtieth street, allowed Dr. Bumstead to build a bay-window at No. 22 West *443 Thirtieth, street, overhanging a portion of the restricted six feet, which operated as an abandonment of the agreement. The evidence fails to show any permission or license from the plaintiff to Dr. Bumstead of this nature. The plaintiff testified that he did not make any objection to it. He may have regarded it as not conflicting with the-agreement, or as of no importance. Even if this act of Dr. Bumstead had been a violation of the agreement, the plaintiff, by no act or acquiescence in respect to it, has been shown to have abandoned the restriction.
The claim of the defendants, that the plaintiff saw that they were building in this way, upon the reserved portion of their lots, and suffered them to proceed, and is thereby estopped by his own acts and laches, is not sustained by the evidence, but on the contrary, he appears to have notified the agents of the defendants of his rights, and to have proceeded with all reasonable diligence under the circumstances to enforce them.
The defendants, as a further ground, state the plaintiff has himself built a balcony on the front of his house, overhanging the reserved premises, and does not come into court with clean hands. The proofs show that he has an iron balcony attached to the front of his house, and projecting three feet and four inches over the reservation. There is nothing to show that this construction was an evasion of the covenant, or that it was placed there otherwise than with the belief that he had a right to do so. It has been held that where, under similar circumstances, a balcony was erected, not intended as a mere evasion of the covenant, projecting from the front wall of a house, it was not a violation of a covenant of the same description (Perkins v. Coddington, 4 Robt. 647). The plaintiff is shown to have purchased a lot and built a very valuable house, relying upon this agreement as contributing to his enjoyment of it. He paid an enhanced price as *444 a consideration for the land in consequence. He comes into a court of equity seeking to be protected in such enjoyment. No bad faith is shown on his part, and no intent to evade or abandon the restriction. He has not placed himself by his own acts without the pale of equity, and in view of what the courts have held, is entitled to relief.
The evidence fails to establish that the defendants acted upon belief that the plaintiff intended to abandon his right to the enjoyment of the reservation (Bank of Buffalo v. Nichols, 64 N. Y. 74; Tallmadge v. E. R. Bank, 26 Id. 105; Trustees v. Lynch, 70 Id. 449).
The judgment appealed from should be affirmed, with costs.
Sedgwick and Freedman, JJ., concurred.