PASCAL P. PRATT, APPELLANT, *v.* THE BUFFALO CITY RAILWAY COMPANY AND OTHERS, RESPONDENTS.

*Land sold with reference to a map having a public square thereon — right of purchasers.*

Where an owner of land makes and files a map thereof, on which streets and public squares are designated, and thereafter sells lots with reference thereto, the purchasers of such lots, where the public squares have subsequently been used as highways, acquire such an easement therein as to authorize the issuing of an injunction, on their application, restraining a railroad from laying its track therein, without compensation made to them therefor.

APPEAL from an order of the Erie Special Term, vacating a temporary injunction order, restraining the defendants from constructing a railway in a public square or thoroughfare in the city of Buffalo, known as " Cazenovia terrace."

*Sherman S. Rogers,* for the appellant.

*George W. Cothran,* for the respondents.

SMITH, J. :

If the plaintiff had no property in the " terrace," or in the soil covered by it, except the right to use it as a public highway in common with every other citizen, he would present no case for the equitable interposition of the court to prevent the defendants from constructing their railroad, pursuant to the authority vested in them by the common council, although the construction and use of the road would result in special damage to him as the owner of land adjoining the " terrace." This position, his counsel concedes. But he claims an easement in the " terrace," as private property, by purchase and grant. It appears that he is the owner of an undivided half of a lot of land fronting on the " terrace," his title to which is derived by several intermediate conveyances from the Holland Land Company, which company, in the year 1814, being the owner of a large tract of land, a portion of which is now included in the city of Buffalo, made and

filed a map of said portion of the tract, in which the same was laid out into lots, and certain streets and open squares were designated, and among other open grounds was "Cazenovia terrace," and it has substantially ever since been used as a public highway.   The plaintiff's deed bounded his land by the exterior line of the "terrace."   These facts are not denied, and it seems to result from them that the plaintiff is entitled as a purchaser to have the space of ground, designated on the map of the original proprietors as the "terrace," left open forever as a street, and as was said by ALLEN, J., in *White's Bank of Buffalo* v. *Nichols* (64 N. Y., 65), "to the right of using the way for every purpose that may be usual and reasonable for the accommodation of the granted premises."   Although the use to which he is thus entitled may be in no wise different from that possessed by the public; yet his right to it, thus acquired, is independent of the public right, and it cannot be taken away or impaired by the public authorities of the city, or State, without his consent, except by the constitutional exercise of the right of eminent domain. That his legal right would be as above stated, if he owned the fee of the "terrace," subject to the public easement, is settled by abundant authorities.   Why should not the easement in the "terrace," which he holds in his own right, be equally protected?

That this private right of way will be impaired by the construction of the proposed railway can hardly be denied.   In the language of Judge DANIELS at Special Term, it will be "subordinated" to the railway.   We are not prepared to hold that it can be subjected to the purposes of the railway company without the consent of the owner, except upon making him compensation.

The order of the Special Term should be reversed, with ten dollars costs and disbursements to the appellant.

TALCOTT, P. J., and HARDIN, J., concurred.

Order of Special Term reversed, with ten dollars costs and disbursements to the appellant.