By the Court.—O’Gorman, J.
In 1860, Broadway, between Ninety-first and Ninety-second streets, otherwise known as the Bloomingdale road, was a public highway. In that year, the trustees of Herman Thorn, deceased, sold to Gilbert Colgate land described in the deed of conveyance, as follows: “ Beginning at the corner formed by the intersection of the easterly line of Broadway with the northerly line of Ninety-first street one hundred and sixty two (162) feet and four (4) inches to the Tenth avenue ; thence northwardly along the westerly, line of the Tenth avenue two hundred and one (201) feet and five (5) inches to Ninety-second street; thence westwardly along the southerly line of Ninety-second street one hundred and forty-two (142) feet and three (3) inches to Broadway ; thence southwardly along the easterly line of Broadway two hundred *23 and two (303) feet five (5) inches to the point or place of beginning, be the said dimensions more or less.” The trustees, grantors, were then seized of the land adjacent, forming the said highway. Through various mesne conveyances, containing the same description, the fee in the land so described has become vested in John Riley, the defendant.
The questioned now to be determined, is whether by such description, the fee in one half of the highway passed to the grantee of said trustees'subject to the public easement, or whether it remained in the grantor.
Since the execution of the first named deed, that part of the Bloomingdale road included in this controversy, has been closed by law, and the right in the public to use the same as a highway, has ceased. This fact, however, can have no bearing on the question expressly submitted to this court. If the title in the adjacent highway was not conveyed by the deed from the trustees of Thorn to Gilbert, in 1860, this part of the Bloomingdale road is conceded to be the property of the plaintiff as trustee. If it was conveyed by said deed to Gilbert, it is now the property of the defendant Riley.
By the deed of 1860, from the trustees to Gilbert, a plot containing sixteen lots of land was conveyed by metes and bounds as set forth on a certain map of land filed in the register’s office. On this map, the width and depth of each of said lots by feet and inches, is set forth, and the lines therein described include the whole space covered by said lots, and do not include any part of the highway as it then existed.
There has been much vagueness and uncertainty as to the law on this subject, and much divergence in the views taken of it by the courts of the different states. The latest decision on the subject in this state, is Kings County Fire Ins. Co. v. Stevens (87 N. Y. 287). The description in the deed under examination in that case, was as follows: “Beginning at a point oh the southerly side of, the W. road, adjoining land of S.; thence, after running certain courses *24 and distances, the line ran along the land of one J. a certain number of feet to the W. road ; and thence along said road to the place of beginning.” It was held that the land intended to be conveyed, was bounded by the side, not by the center of the road. The learned judge delivering the opinion of the court, cites with approval, the dictum of Shaw, Ch. J., in Sibley v. Holden (10 Pick. 249), “when it (the description) starts at the side of the road and comes back to the road and thence at the line of the road to the point of beginning, the conclusion is inevitable that the road is excluded.” In cases when the grantor owns the highway as well as the lots specially described in the deed, it will be presumed that he intended to convey to the center of the highway, unless it appears from the language of the conveyance, or otherwise, that he intended to reserve it (Halsey v. McCormick, 13 N. Y. 296; Seneca Nation v. Knight, 23 Id. 498).
The point of commencement of the description is important, as for instance, when it began at the intersection of the exterior of two streets, the court held that the point thus established, was as controlling as any monument could be, and that all lines of the granted premises, must conform to the starting point (White’s Bk.v. Nichols, 64 N. Y. 65). See also Fearing v. Irwin (4 Daly, 385), where the description began on the north-easterly corner of two streets, and running thence along the northerly side of one of the streets, it extended only to the margin of the street. See also Anderson v. James (4 Robt. 35). When the point of commencement was given as the “ east side of Bloomingdale road,” that point was regarded as a fixed monument to mark the starting point of the survey, and it could not be transferred into the center of the road. In English v. Brennan, (60 N. Y. 609), the description began as at the southwesterly corner of Flushing, avenue ; running thence westerly along the avenue, etc., and it was held that the avenue was excluded.
In the case at bar, the starting point is at the corner formed by the intersection of the easterly line of Broadway, *25 with the northerly line of Ninety-first street to Tenth avenue ; thence north along the westerly line of Tenth avenue to Ninety-second street to Broadway ; thence south alonge the westerly line of Tenth avenue to Ninety-second street; thence westwardly along the southerly line of Ninety-second street to Broadway ; thence south along the easterly line of Ninety-second street to .Broadway to the point of beginning. In this description, it is clear, from the commencement of these lines, that the word line is equivalent to the word side, in the cases above referred to, and the lines cannot possibly enclose land lying to the westward of the easterly side of the Bloomingdale road. In Smith v. Slocomb (6 Gray, 36, 38), the court held the conclusion to be inevitable that the road is excluded when the boundary starts at the side of the road and comes back to the road, and thence on the line of the road to the place of beginning. In Sibley v. Holden (supra), the court arrived at a similar conclusion.
The map, referred to in the description of the deed in the case at bar, may be consulted in aid of the court in arriving at a conclusion, and the boundaries as set forth in the map may be examined, and they certainly do not include any part of the Bloomingdale road.
The opinion of the superior court, in Tag v. Keteltas (48 Super. Ct. 241), agrees in principle with the decisions in the cases above cited.
The question in this case; is a question of the intention of the parties, to be gathered from the language of the deed, and if that be ambiguous, from all surrounding circumstances that can help to ascertain that intent.
In the case at bar, we are of the opinion that the deed of 1860, from the trustees under the will of Herman Thorn, did not convey from the grantor to the grantee therein an estate in fee in any part of the Bloomingdale road, being the premises in controversy, and the plaintiff is entitled to judgment declaring him the owner in fee of said premises, and that he do recover possession thereof, with costs.
Sedgwick, Ch. J., and Freedman, J., concurred.