GURDON S. FANNING, RESPONDENT, *v.* D. M. OSBORNE & CO. AND DAVID M. OSBORNE, APPELLANTS.

*Conveyance of a lot bounded on a street owned by the grantor — rights of the grantee in the street — he may restrain the operation of a steam railroad thereon — the officers of the company are liable individually as trespassers.*

Where a lot of ground is conveyed by a deed which describes it as abutting upon a street, and the fee of the land over which the said street is laid out is vested in the grantor, the grantee acquires a right to have the space of ground covered by the street left open forever as a street, and the right to use it for every purpose that may be usual and reasonable for the accommodation of the granted premises, which right enables him to restrain the construction, maintenance and use of a steam railroad upon the said street, where no compensation has been made to him for the loss of the rights acquired by his deed.

Officers and agents of a company engaged in operating such a road are liable, individually, as trespassers, and may be restrained from further acting in an action brought against them by an abutting owner.

The corporation for which they are acting is not a necessary party to such an action.

APPEAL from an interlocutory judgment, entered upon a decision rendered at the Cayuga Special Term upon a trial by the court without a jury.

The judgment enjoined and restrained the defendant from operating a steam railway for freight with " T " rails in Garden street, in the city of Auburn. The plaintiff is the owner of premises abutting on Garden street, a street the fee of which is in the plaintiff's grantors, and which has been opened to the public for fifty years.

The East Genesee Street and Seward Avenue Railway was incorporated by act of the legislature (chap. 527 of the Laws of 1871). The act requires the road to be operated with horses or mules, and that " the track of said railroad shall be laid with such rails as will least obstruct the passage of vehicles and carriages across the same."

In 1879 (by chap. 444) this act was amended and the said railroad company were authorized to use steam as a motive power in Garden street. The railway company, soon after the act of 1871, constructed a main line through Genesee street, with a branch to the New York Central Railroad depot, through Garden street. Afterwards and

on May 26, 1873, the railway company and the defendant, D. M. Osborne, entered into a written agreement by which a track was to be built through Garden street, and kept in repair at the expense of Osborne. The consent of the common council was obtained to build a railroad through Garden street, under the original act. Under the contract with D. M. Osborne the firm of D. M. Osborne & Co. (then a copartnership), of which D. M. Osborne was a member, took up the flat rail through Garden street and put down a "T" rail and operated the road with horses, drawing the New York Central and other loaded freight cars in front of plaintiff's premises, until 1879, when they introduced a steam engine. In April, 1875, the defendants D. M. Osborne & Co. were duly incorporated, with D. M. Osborne as president, and they have continued to operate this road in the same manner.

*D. Wright*, for the appellant D. M. Osborne & Co.

*H. V. Howland*, for the appellant David M. Osborne.

*S. E. Payne*, for the respondent.

SMITH, P. J.:

It appears from the findings of the trial court that Robert Dill, from whom the plaintiff derives his title, originally owned a tract of land that included the plaintiff's lot and the land now known as Garden street, and that when he conveyed said lot to Richardson, he owned the fee of the street, and the lot so conveyed abutted on said street and was so described in the deed. Richardson thereby became entitled, as a purchaser, to have the space of ground covered by the street left open forever as a street, and "to the right of using the way for every purpose that may be usual and reasonable for the accommodation of the granted premises." His right thus acquired by purchase was independent of the public right to the use of the street. It was his private property which could not be taken away or impaired by the public authorities of the city or the State without his consent, except by the constitutional exercise of the right of eminent domain. (*White's Bank of Buffalo* v. *Nichols*, 64 N. Y., 65, *per* ALLEN, J., p. 73; *Pratt* v. *Buffalo City Railway Co.*, 19 Hun, 30.) The plaintiff succeeded to the title

and interest of Richardson in said premises, including the right or easement above described.

The construction, maintenance and user of a steam railroad in said street, in the manner and for the purpose specified in the findings of the court are, in a measure, incompatible with and destructive of the use of the street as such, and the plaintiff's property rights, so far as they are thereby interfered with, not having been properly acquired and compensated for, the plaintiff is entitled to an injunction restraining such use, and to recover for the injuries he has sustained thereby. (*Story* v. *The New York Elevated Railroad Company*, 90 N. Y., 122; *Mahady* v. *Bushwick Railway Co.*, 91 id., 148, 153.)

The case is distinguishable from that of *Kerr* v. *The People* (27 N. Y., 188), in which it was decided that a horse railroad constructed under legislative authority on the surface of a city street, the fee of which was in the city, was not an unlawful interference with the rights of abutting owners, but was a street use consistent with their rights therein. In that case two of the members of the court suggested the very ground upon which we place the plaintiff's right to maintain this action, but conceded that it did not exist in that case. (*Per* BALOOM and MARVIN, JJ., p. 215.)

If the foregoing views are correct, it is no protection to the defendants that they are acting with the consent of the street railroad company, under the sanction of its charter. Nor is the defendant David M. Osborne protected by the circumstance that in what he has done by way of constructing, maintaining or operating the railroad he has acted as the president of the corporation defendant, D. M. Osborne & Co. Every person engaged in the work is a trespasser upon the rights of the plaintiff, and whether he acts as the officer, agent or servant of another, he is liable individually, and as such may be restrained. The railroad corporation is not a necessary party, as no claim is made against it, nor is it affected by the judgment herein.

In the case of Elliott and that of Bell, decided by RUMSEY, J., (MS. op.), the plaintiffs asked relief on the ground that they owned the fee to the center of the street, and the fact being found otherwise, it was held they were not entitled to an injunction. The complaints did not allege an interference with the right of way of

the plaintiffs as abutting owners on the street. The decision in those cases does not stand in the way of the plaintiff here.

The views above expressed meet the several positions taken by the learned counsel for the appellants, and lead to the conclusion that the judgment should be affirmed, with costs.

BRADLEY, J., concurred; BARKER, J., not sitting; HAIGHT, J., not voting.

Judgment affirmed, with costs.