JANE GREER AND OTHERS, RESPONDENTS, *v.* THE · NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Conveyances of city lots — the presumption is that a lot bounded on a street extends to the center thereof.*

The plaintiff claimed title to a lot of ground in the city of Albany under a deed, in which the premises were described as "all that certain lot, with the buildings thereon, situate on the west side of North Market street, beginning on the south-east corner of the lot of the late John Fondey, Jr., and runs thence westerly along said lot 462 feet; thence southerly thirty-three feet; thence easterly to the south-west corner of the cellar wall of the house now standing upon the lot intended to be conveyed; thence easterly along the same cellar wall to the street aforesaid, and thence northerly along said street, about thirty-two feet eight inches, to the place of beginning."

*Held,* that in the absence of evidence to show that the south-east corner of the Fondey lot was on the west side or line of the street, the plaintiff's lot extended to the center of the street.

Another lot was described as situated "on the west side of North Market street and bounded on the east by North Market street, thirty-nine feet three inches, etc."

*Held,* that the lot extended to the center of the street.

The same construction was given to the conveyance of a lot, one of whose lines extended "to the front of said lot on Watervliet (North Market) street, and thence north along said street to the place of beginning."

APPEAL by the defendant from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover damages occasioned by the laying of railroad tracks upon the lands of the plaintiffs and the running of trains thereon.

*Hale & Bulkley,* for the appellant.

*Amasa J. Parker,* for the respondents.

LANDON, J.:

If the plaintiffs' title to the lots 820 and 822 extends to the centre line of Broadway, then the judgment should be affirmed.

The description of one parcel is "all that certain lot with the buildings thereon situate on the west side of North Market street, beginning in the south-east corner of the lot of the late John Fondey, Jr., and runs thence westerly along said lot 462 feet; thence southerly thirty-three feet; thence easterly to the south-west corner of the cellar wall of the house now standing upon the lot intended to be conveyed; thence easterly along the same cellar wall to the street aforesaid; and thence northerly along said street about thirty-two feet eight inches, to the place of beginning."

The presumption of law is that a conveyance of land bounded upon a highway carries the title to the center thereof. This presumption furnishes the rule of construction of such a conveyance unless the contrary intention is indicated by the language of the deed. (*Perrin* v. *N. Y. C. R. R. Co.*, 36 N. Y., 120; *Bissell* v. *Same*, 23 id., 64; *Story* v. *N. Y. Elevated R. R. Co.*, 90 id., 180.)

The result of this rule is to resolve doubtful expressions in favor of the center line. A street is a monument, the same as a stone or tree, and its center is the terminus of the line extending to it unless its exterior line is indicated. (*White's Bank* v. *Nichols*, 64 N.Y., 65.)

If the point of beginning had been in the west side of the street there would be authority for the position that the street was excluded. (*Kings County Fire Ins. Co.* v. *Stevens*, 87 N. Y., 287; *English* v. *Brennan*, 60 id., 609.) That the lot is on the westerly side of the street, however, within the cases above cited, does not exclude the street, for that indicates its location with reference to the street, without defining its exterior lines. Here the point of beginning is the south-east corner of the lot of Fondey. As that is not shown to be in the side or line of the street, the same rules allow us to locate it in the center of the street. There is no hostile grant or claim asserted to the fee of the street, and the presumption carrying the title to the center is not repelled by hostile claims. "To the street" goes to the center because the street, as before shown, is a monument. "Along the cellar wall to the street" does not necessarily mean that the course ends with the wall; therefore we are at liberty to follow that course "to the street," *i. e.*, to

its center. The courses and distances yield to the monuments, unless the contrary intention is made to appear, and it is not in this case. "Along the street" means along the center line. If it was intended to exclude the street, it would have been easy to have employed words clearly indicating that intent, as " along the west side of the street," " to the west side," " bounded against " or " butting upon " (*Phelps* v. *Webster*, 134 Mass., 17), or some words showing that the entire *corpus* of the street was excluded.

The other parcel is thus described : "All that certain lot of ground, with the buildings thereon, situate in the fifth ward of the city of Albany, on the west side of North Market street, and bounded on the east by North Market street thirty-nine feet three inches, on the north by a lot of ground said to belong to Robert Dunbar, 284 feet two inches ; on the west by Orchard street thirty-five feet seven inches and three-quarters of an inch, and on the south by a lot of ground said to belong to the said Charles Chapman 284 feet two inches." The rules already discussed lead to the conclusion that this parcel extends to the center of the street. One of the grantors of this lot held under a description, one of whose lines extended " to the front of said lot on Watervliet (North Market) street ; thence north along said street to the place of beginning." " Fronting on Clyde street " was held to extend to the center line. ( *Wallace* v. *Fee*, 51 N. Y., 694.) The " front of said lot " means the front line, and if that is " on Watervliet street," there is no reason why it should not be *on* that part of it which the law, in the absence of words of exclusion presumes, namely, the center.

Other particulars are pressed by the appellants, but, we think, they are of less force than those above considered.

The judgment should be affirmed, with costs.

LEARNED, P. J., and BOOKES, J., concurred.

Judgment affirmed, with costs.