POST v. HAZLETT.

(*Supreme Court, General Term, First Department.* January 13, 1891.)

SPECIFIC PERFORMANCE—MARKETABLE TITLE—REVERSIONARY INTEREST IN STREET.

Laws N. Y. 1869, c. 890, entitled "An act to alter the map or plan of the city of New York," providing a means whereby owners of property abutting on Broadway, wherever closed, may acquire title to such parts of said street as are appurtenant thereto, in reversion, as well as in possession, further declares "that no award shall be made for the reversionary interest in case the parties having such interest shall be entitled to acquire the land." Section 2 provides "that no person shall acquire or be vested with any right, title, or interest in or to any such land, unless he shall have actually paid the amount of such awards, with interest thereon from the day of such report of said commissioners." In 1869 one L. was the owner of certain lots on what was then the south-east corner of Broadway and Fifty-Third streets. He acquired the property under a deed which conveyed no title or right to the reversionary interest in that part of the road-bed of Broadway on which the property abutted, and which now constitutes lots 216 and 218 Fifty-Third street. Thereafter, in straightening a section of Broadway on which this property abutted, commissioners, acting under the foregoing statute, erroneously conceiving that L., the owner of said lots, was also the owner of the reversionary interest in the road-bed opposite, made no award therefor, and consequently nothing was ever paid therefor by L., as required by said statute. L. conveyed these lots, Nos. 216 and 218, in fee to the plaintiff, who in turn sold them to the defendant under an agreement for clear title. *Held* that, there having been no award by

said commissioners as to the reversionary interest in said road-bed, and no pay-
ment therefor by the plaintiff's grantor, L., as required by the foregoing statute,
he did not acquire title thereto, and that therefore his grantee, the plaintiff, can-
not convey to the defendant a good and marketable title under his contract of sale.

This was a voluntary submission, under Code Civil Proc. N. Y. § 1279, of
the controversy as to whether plaintiff's title to certain lots was a marketable
one under his contract of sale with defendant.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Langdon Ward,* for plaintiff.    *Albert J. Syre,* for defendant.

BRADY, J.    The question to be determined is whether a deed from the
plaintiff of the two houses and lots known as Nos. 216 and 218 West Fifty-
Third street would convey a good and marketable title.    The land in question
was formerly a part of the bed or road-way of the Bloomingdale road, which it
is conceded was not conveyed to the plaintiff's grantor by reason of the limited
effect of the grant, according to the adjudications of this state on the subject
of boundaries; but he claims to have acquired a good title by virtue of certain
proceedings had under the act embraced in chapter 890 of the Laws of 1869,
entitled "An act to alter the map or plan of the city of New York, and carry
the alterations into effect."    In such proceedings, unfortunately for him, the
commissioners have no power to determine authoritatively who is the owner of
the reversionary interest in the road-bed, however conclusive their confirmed
report may be as to all other features of the proceedings; and the act itself
contains provisions indicating a legislative knowledge of this rule, duly ap-
plied therein, although it would make no difference whether it did or not.
The commissioners assumed that Mr. Livermore, being the abutting owner,
was entitled to the reversion ıry right to the bed of the Bloomingdale road,
but which, as we have seen, by concession was an erroneous view.    The act,
however, provides for the acquisition of the reversionary interest in the bed
of the road by the abutting owner where he is not by right entitled to it.    It
declares as follows: "Sec. 2.    If any part or parts of Broadway shall be closed
under the provisions of this act, any owner of land now fronting on Broad-
way, abutting on any part so closed, may acquire an exclusive right, title, and
interest of, in, and to so much of any part so closed as lies between the pres-
ent front line of the land owned by him and the line of Broadway as it may
be so as aforesaid located and established, and two lines respectively drawn
at right angles to a line parallel with the Seventh avenue, from the northerly
and southerly ends of the present front lines of the land owned by him, upon
paying to the chamberlain of the city of New York, for the mayor, aldermen,
and commonalty of the said city, the amount of any award by the said com-
missioners of estimate and assessment for the discontinuance of the public
use of the land such owner is so entitled to acquire, and also paying to the
said chamberlain, for the parties entitled thereto, the amount of any award
by the said commissioners for the reversionary interest in such lands, or any
part thereof; and no person shall acquire or be vested with any right, title,
or interest, or to any such land, until he shall have actually paid to the said
chamberlain the amount of such awards, with interest thereon from the day
of the confirmation of the report of the said commissioners; but no award
shall be made for the reversionary interest in case the parties having such in-
terest shall be entitled to acquire the land."    No award, however, was made
by the commissioners for the reversionary interest, in accordance with this
statute, for the reason that it was supposed, as already suggested, and was
so determined by the commissioners, that Mr. Livermore, having the rever-
sionary interest, was not entitled to any award.    The importance of the award
to the owner of the reversionary interest, and the protection granted him, is
manifest from the provision of the act (section 2) to the effect that the public
use of any piece of land for which an award ıs made for the reversionary in-

terest shall not be discontinued, nor shall the part of the street be held to be closed, until the party entitled to the award for the reversionary interest shall, by accepting such award, release his interest in the land for which the award is made.    It may be appropriately observed here that perhaps as to the *locus in quo* the street has not, according to these provisions, been closed, and its character as a public highway still exists.

Although the consideration of this case on the briefs has taken a wide range, the well-established legal proposition that the commissioners had not the right to determine absolutely the ownership of the reversionary interest, and it appearing that the plaintiff was not the owner of it, and therefore had no title to it, requires the conclusion that the defendant is entitled to judgment. The plaintiff could not convey to him a good and marketable interest.    He neither acquired one by his deed nor by compliance with the statute, because no award was made to the owners of the reversionary interest in the road-bed, assuming that in a proceeding like that suggested such a determination would not be subject to objections founded upon provisions of the constitution of the state.

The conclusion thus expressed is one very much to be regretted, for the reason that the deed from Taylor to Livermore was executed many years ago, namely, in 1868, and, so far as appears from the statement of facts, neither he nor his heirs nor legal representatives have made any claim growing out of the changes which were accomplished by the provisions of the act of 1869, already mentioned.    There is a seeming injustice in depriving Taylor's grantee, and the plaintiff, who holds under the latter, of the benefit and advantage of the road-bed, the rule as to the conveyance of which has been the subject of many conflicting decisions, (*Bank* v. *Nichols*, 64 N. Y. 71,) and which in this state seems to have been established by invoking the intention of the parties, as modified by the terms of the deed as to boundaries, so that the question as to the boundary is in all cases one of the interpretation of the deed or grant, (*Bank* v. *Nichols, supra;*) the intent to transfer the bed of the street, in other words, being an important factor in the claim and claim of title, whereas, with great deference, the rule should have been just the converse, namely, that the road-bed in front of premises conveyed should be embraced by the grant as part and parcel of it, unless, as said in some of the cases, the intention *ipsis verbis* to withhold it from the transfer was expressed.    It may be said, as a rule of human action, that few grantors, if any, upon the execution of a conveyance, intend really and actually to withhold anything appurtenant to the land described, unless they so express themselves in the grant by which the transfer is made, which is very rarely, if ever, done, the intention and the act of granting being to convey the land and all its immunities; and the rules to the contrary seem to spring from technical interpretations of the language employed to describe the land conveyed, resting on technical refinements, in which the intention and design of the grantee to acquire all advantages, and by his purchase to get the whole estate, has received no individual consideration whatever.    Indeed, the interpretation has generally resulted to the benefit of the grantor.

For these reasons the defendant is entitled to judgment, because, as already suggested, the plaintiff is not able to convey a good and marketable title under the contract of sale and purchase.    Ordered accordingly.