In re BOARD OF EDUCATION.

(Supreme Court, Appellate Division, First Department.   December 31, 1897.)

1. EMINENT DOMAIN—CONDEMNATION FOR SCHOOL PURPOSES—UNKNOWN OWN-
   ERS.
      Where, in proceedings to acquire title to lands in New York City for
   school purposes, it is not fully known to the commissioners of estimate
   and appraisal appointed therein what persons are or may be all the heirs
   at law of a deceased owner thereof in fee, they are authorized by Laws
   1888, c. 191, § 3, to make the award to "unknown owners," even though
   certain persons are shown to be heirs, and their title is undisputed in
   the proceeding.

2. SAME—EASEMENTS OF LIGHT AND AIR.
      In such a proceeding, a person who establishes a right to easements of
   light, air, and access in the land is entitled to an award therefor.

3. VACATING HIGHWAY—EFFECT ON EASEMENTS.
      While the effect of Laws 1867, c. 697, authorizing the closing of the
   Bloomingdale road, was to extinguish the public easement, it did not
   operate to extinguish private easements and rights in lands covered by
   the public highway, but left them as they were.

4. SAME—RIGHTS OF OWNER OF FEE.
      Laws 1895, c. 1006, providing for discontinuing roads, and applying to
   New York City, did not operate to transfer to the owner of the fee of the
   land over which those roads ran the private easements therein to which
   the owners of adjoining property might be entitled, nor did it entitle him
   to compensation for those easements, in enhancement of the value of his
   fee.

5. EASEMENT—EXTINGUISHMENT.
      The owner of an easement does not, by asserting the right to the fee
   of the servient estate by fencing it with a substantial inclosure, destroy
   his right to the easement.   No acts of such owner will extinguish his
   right, save those that indicate his intention to abandon it, unless other
   persons have been led by such acts to believe the right abandoned, and
   to act upon the belief, so that an assertion of the right will be to their
   injury.

Appeal from special term.

In the matter of the application of the board of education relative
to acquiring title by the mayor, aldermen, and commonalty of the
city of New York to certain land.   From an order confirming the
report of commissioners to quiet title to land for school purposes,
certain property owners appeal.   Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-
SON, O'BRIEN, and INGRAHAM, JJ.

James A. Deering, for appellants.
Peter B. Olney, for respondent.

PATTERSON, J.   Upon an application of the board of education
of the city of New York to acquire title to certain lands on the north-
erly side of Ninety-Third street and the westerly side of Amsterdam
avenue, for school purposes, commissioners of estimate and appraisal
were appointed by the court; and such commissioners have made their
report, from which it appears that part of the land taken was formerly
included within the old Bloomingdale road, and another part within
a lane running westerly from Bloomingdale road towards the Hud-
son river.   Among the owners of the land taken under this proceed--

ing was Mr. John O. Baker. His premises are situated at the corner of Ninety-Third street and the Boulevard. On the commissioners' damage map, it appears that the Bloomingdale road adjoined the eastern boundary of Baker's land. Parcels Nos. 4, 9, and 10 on such map were all parts of Bloomingdale road, lying between the westerly and the center line of that road as it existed prior to 1868, in which year it was closed. Parcel No. 2 on the commissioners' damage map lies to the west of the westerly line of the Bloomingdale road, and is, in part, land lying in the bed of the lane referred to, which is called, in some of the papers in this case, "Mott's Lane." The commissioners reported that the title to the fee in the parcels 2, 4, 9, and 10 was in unknown owners; that Baker had perpetual easements of light, air, and access in the four parcels; that the entire value of the land and easements was $17,954; and they awarded Baker, for the value of his easements, $13,551, and the unknown owners of the fee, $4,403. Objections were filed to the report and to the awards by Mr. Hamilton and others, they claiming to be heirs of Charles Ward Apthorp, their ancestor, in whom the fee of the four parcels at one time vested; and the subjects they bring up for review on an appeal from an order confirming the report of the commissioners are: First, the decision of the commissioners that the appellants were not the absolute owners in fee of such four parcels (which involves the correctness of the award to unknown owners); and, second, the decision of the commissioners that Baker, the owner of the westerly portion of the property taken, had the easements referred to, and was entitled to the award therefor; and, third, the decision of the commissioners in making the apportionment as they did, between the unknown owners of the bed of the old Bloomingdale road and the owners of the easements appurtenant to Baker's land. With the subject of the value of the land and of the easements, we have nothing to do. None of the testimony relating to that matter appears in the record; the appellants having waived their exception in respect to value, and confined their objection to that relating to the title.

Respecting the appellants' contention that there should have been a specific and absolute award to them of the value of the naked fee, we do not find in the evidence such a clear, exclusive right in them as would compel a direct award of the amount to them in this proceeding. It was not made to appear, so far as we are able to discover from this record, that they were the only heirs of Charles Ward Apthorp, or alone entitled to receive this money. It is said that the commissioners should have made the award to these appellants, because their title was undisputed. If it were made plain that they are the only present representatives of their ancestor entitled to the land, the claim would be reasonable and just; but upon the evidence given, such as it is, respecting the descendants and heirs at law of Charles Ward Apthorp, the commissioners were justified in their action respecting this award. It was not fully known to such commissioners who were or might be at the present time all the heirs at law of Apthorp, and in such case they were authorized by section 3 of chapter 191 of the Laws of 1888 to make the award to unknown owners.

The question which has received the most elaborate and exhaustive treatment by the appellants relates to the right of Mr. Baker to the award for the easements. The claim is made that no such right exists, and a multitude of authorities are cited by the learned counsel for the appellants to sustain the proposition that when the Bloomingdale road was closed by the commissioners of Central Park, under the authority of chapter 697 of the Laws of 1867, the public easement in both the road and the lane, and all private rights and easements, also, were effectually and forever extinguished, and that the land vested in the owner of the fee, untrammeled by any right of any adjacent owner. The title to Mr. Baker's land, to which the easements taken by these commissioners were appurtenant, is derived, as to part of such land, from one Clarkson, and, as to another part, from Vanderbilt. The rights of Clarkson and Vanderbilt and their grantees were determined and adjudged in the cases of Holloway v. Delano, 64 Hun, 31, 18 N. Y. Supp. 700; Id., 139 N. Y. 414, 34 N. E. 1047, 1052; and Holloway v. Southmayd, 139 N. Y. 390, 34 N. E. 1047, 1052. It was decided in those cases that the effect of the act of 1867 was merely to extinguish public easements, and that:

"The purpose and the effect of that act, it is plain from its language, were to discontinue the road as a public highway, and in so doing to extinguish the public easement. The legislature was not concerned with private easements and rights in lands covered by the public highway. Its action left these private interests as they were. The public had no interest in their destruction. The award of damages was to compensate property owners who could prove that they had been injured by the discontinuance of a public highway."

Unless we are simply to ignore the determination of the court of appeals as to the effect of the very conveyances involved here, the right of Baker to the award for the easements is clear. The whole argument of the appellants upon this subject seems to be an effort to reopen a discussion which has been finally closed by the court of last resort. That effort, if it is to be made at all, must be made in that tribunal. We are bound by its decision, and have neither the right to disregard it nor the disposition to criticise it.

It is further claimed by the appellants that the easements which Mr. Baker may have had were abandoned; that some time in 1888 he inclosed his land by building a substantial wooden fence around the property, including Bloomingdale road to its center line; and it is urged that this indication of ownership of the land is incompatible with the claim of a lesser right to mere easements in that land. That contention seems to be disposed of by what was said in Bank v. Nichols, 64 N. Y. 65, namely, that the "owner of an easement does not, by asserting a right to the fee of the servient estate, and by taking possession thereof, destroy his right to the easement. No acts of such owner will extinguish his right, save those that indicate his intention to abandon it, unless other persons have been led by such acts to believe the right abandoned, and to act upon the belief so that an assertion of the right will be to their injury." There is nothing in the papers, as they are before us in this case, to show that these appellants, or any one else, has been injuriously affected by the circumstance of the land being inclosed in the manner referred to.

It is thus established, on the authority of the Holloway Cases, that the right to the easements was in Baker.    He has not abandoned that right, and it necessarily results that he is entitled to the award therefor, unless subsequent legislation has deprived him of that right. It is insisted by the appellants that there is such legislation having that effect, of which they can take advantage.    In 1895 a statute was passed (chapter 1006, Laws 1895), entitled:

"An act to provide for discontinuing and closing streets, avenues, roads, highways, alleys, lanes and thoroughfares in cities of more than one million, two hundred and fifty thousand inhabitants."

That statute provides a complete system for the accomplishment of the purpose designated in the title.    It confers the authority upon certain municipal officers to discontinue the use of streets.    It authorizes the laying out of permanent streets upon a map to be filed, and declares that, upon the filing of such map, such streets, avenues, and roads as are laid down thereon shall be the only lawful streets, avenues, and roads in the section shown on such map, and that all former streets, avenues, highways, roads, alleys, lanes, and thoroughfares theretofore laid out or dedicated, which are not shown on that map, and which are not in actual open or public use, shall from and after the filing of such map cease to be or remain, for any purpose, a street, etc., and the owner or owners of the fee of the land or soil within the boundaries thereof may thereupon inclose, use, and occupy the same, etc.    It then proceeds to make a provision (section 5) relating to roads not retained, and to proceedings for determining claims for compensation, and then to enact, respecting streets closed before the passage of the act, as follows:

That where "any map has been before the passage of this act made and filed as required by law, discontinuing or closing or intending to discontinue or close any street, avenue, road, lane, alley or thoroughfare, or any part thereof, and no proceedings have been taken to ascertain the compensation which ought justly be made to the owners or persons interested in the lands, tenements, hereditaments and premises, rights, easements or interest taken, affected, damaged, extinguished or destroyed, proceedings to ascertain and determine such compensation shall be instituted in the manner provided by this act, provided any owner or owners interested or affected by such discontinuance and closing shall within two years after the passage of this act present to the chief financial officer of the said city a written statement of the claim for compensation and a request that such proceedings be instituted for the ascertainment and determination thereof or be forever barred from claiming compensation for such closing or discontinuance.    Any proceedings now pending in said city under existing laws which make due provision for just compensation by reason of such discontinuance or closing may be completed in the same manner provided by such laws."

This statute became a law on the 12th of June, 1895.    The present proceeding was not instituted until some time after the statute went into operation.    The point raised by the appellants is that by this statute all the right of Baker to compensation for the easements must be established by proceeding under the act of 1895; that the effect of that act was to extinguish all the easements of adjacent owners, leaving them merely to such compensation for the damage or injury they may have sustained as may be claimed and allowed under the act of 1895.    But it is apparent that the statute under consideration refers

only to the taking for the public benefit of the closed roads, streets, etc., and the easements therein. They may become extinguished as to the city and the public, but the effect of this legislation is not to transfer those easements to the owner of the fee of the land over which the closed thoroughfare or highway ran, or to entitle him to compensation for those easements, in enhancement of the value of his fee. The question might arise as between the city and the owner of easements situated as Mr. Baker is, but it is not a question between the owner of the fee of the closed street and the owner of adjoining property, in the enjoyment of the private easements over the closed street. As between those parties, the right of Baker is ascertained. The city has made no claim, and makes no claim, adversely to the right of Mr. Baker, but, on the contrary, supports that right. Giving it enforcement in no way affects the appellants' interests, because the value of the easements cannot be added to the value of the fee, to augment the appellants' claim to the award. No other point raised by the appellants requires special consideration.

The order confirming the report of the commissioners should be affirmed, with costs. All concur.