Stephen Cheney and Walter W. Cheney, Respondents, v. The Syracuse, Ontario and New York Railroad Company and Another, Appellants.—Judgment affirmed, with costs on the opinion of Vann, J., delivered at Special Term, and upon *Wright* v. *Syracuse, Ontario & New York Railroad Co.* (92 Hun, 32).—The following is the opinion of Vann, J.:—

VANN, J.: The principle upon which the court has based its judgment in this case is the same as was laid down in *Mayock* v. *The Rome, Watertown & Ogdensburg R. R. Co* , decided in March, 1893, and the features common to the two cases will not be reconsidered. The letters patent, dated May 11, 1882, when considered in connection with the map to which they refer, which has been sufficiently identified, establish a conveyance by the People to a remote grantor of the plaintiffs of a lot of land, in effect described as abutting upon a street, without any reservation, or declaration of intention not to convey to the center of the street. As between individuals such a conveyance is presumed to carry the title to the center of the street, subject to the right of way belonging to the general public. (*Bissell* v. *The N. Y. Central, etc* , 23 N. Y. 61; *Matter of Ladue,* 118 id. 213.) The same presumption extends to a grant from the State, and for the same reason, namely, "because a narrow strip, such as half of a street, is much more valuable to the grantee than to the grantor, and the parties are supposed to have so dealt with the property as to bring out its greatest value." (*Matter of Ladue, supra,* p. 219.) If the title to public highways was in the State, in its corporate capacity, the presumption might be otherwise, but the State does not own an ordinary highway. State ownership would carry with it the burden of expense for care, construction and repairs that rests upon subordinate political divisions of the State, such as towns, cities and villages. When a highway, no matter how ancient, is abandoned, notice need not be given to the State, and it is safe to say that the State has never asserted title to any part of an abandoned highway. If the street in question should be abandoned, the land would not revert to the State but to the adjoining proprietors. The right of way over land constituting a street belongs to the people at large, in their unorganized capacity, but the control of the same is vested by law in certain political agencies, such as those above named, and they are held responsible for the manner in which they discharge their duties. In no sense, however, does the State own the streets of a city, and hence the distinction relied upon by the defendants between public and private grants does not apply to this case. The plaintiffs, in my opinion, own to the center of the street, and are entitled to damages. The Statute of Limitations pleaded by the defendants, who rely upon the six, ten and twenty years' provisions, respectively, apply only as to a continuous trespass. As was said in a late case : "No lapse of time or inaction merely on the part of an owner after the erection and during the maintenance of the unlawful structure, unless it has

continued for such a period of time as will effect a change of title in the property or authorize the presumption of a grant, is sufficient to defeat the right of the owner to his action at law or equity." (*Galway* v. *The Metropolitan El. R R. Co.,* 128 N. Y. 132.) The conveyance to the plaintiffs was not champertous (*Am Bank Note Co.* v. *The N. Y. El. R. R Co.,* 129 N. Y. 252), and although they purchased a number of years after the railroad was constructed in Canal street, still they are entitled to all damage on account of the maintenance and operation of the railroad, that has accrued since their purchase, not exceeding six years before the commencement of the action. (*Sterry* v. *N. Y. El. R. R. Co.,* 129 N. Y. 619.) The remaining question, relating to the damages, is not without embarrassment, owing to the somewhat indefinite nature of the evidence upon the subject The nearest approximation to justice that I can make is to place the past damages at $432.95, and the future damages at $750, the benefits having been duly considered when and as permitted by the adjudged cases. (*Newman's Case,* 118 N. Y. 618; *Sutro's Case,* 137 id. 592.) The plaintiffs, therefore, are entitled to judgment for said sum of $43.95, with costs, the same to be collected in the usual way; they are also entitled to judgment restraining the defendants from operating their railroad on the land of the plaintiffs in Canal street, and commanding them to remove their tracks therefrom within sixty days after the entry and notice of judgment herein, unless within said period they shall pay to the plaintiffs the further sum of $750, in full for the value of so much of plaintiffs' interest in said street as is necessary to maintain the tracks and structures now existing therein, and to store, use and operate engines and cars thereon in the same manner as heretofore has been done. If such payment is made, as is last above provided, the plaintiffs shall thereupon, at the request of the defendants, and at their expense, execute, acknowledge and deliver to the defendants, or such one or more of them as their attorneys shall elect, a deed releasing their interest in the street accordingly. If either of the plaintiffs has a living wife and she refuses to unite with him in the release, one-third of his interest in said sum of $750 is to be paid into court to await its further order. Findings and a decree may be prepared accordingly and settled, if not agreed upon as to form, on a notice of two days.

In the Matter of the Petition of the Salt Springs National Bank v The Executors of William Crabtree, Deceased; In the Matter of the Petition of the Executors, etc., of William Crabtree, Deceased, for a Judicial Settlement of their Accounts.— Consolidated.—

Parts of decree appealed from affirmed, with one bill of costs to respondents, payable out of the estate.—

*Mem.* by WARD. J.: This is an appeal by John Crabtree, one of the executors and a legatee under the will of William Crabtree, deceased, from portions of a decree of the Surrogate's Court of Onondaga county, settling the accounts of the executors of the deceased. The only interest the appellant has in the property of the deceased arises out of a bequest to him of an undivided one-half interest in certain tools and machinery in connection with a stone yard and stone business which had been carried on by the deceased. The will of the deceased made his personal property primarily liable for the payment of his debts. The record before us discloses that the personal property of the deceased amounted to about $31,000; that there had been properly ex-