(77 App. Div. 571.)

## PAIGE v. SCHENECTADY RY. CO.

(Supreme Court, Appellate Division, Third Department.  December 12, 1902.)

1. HIGHWAYS—ABUTTING OWNER'S RIGHTS—TITLE TO CENTER OF STREET.
   The fact that the original patent to land bounded the premises on
   the west by a street did not preclude the patentee and his successors from
   claiming title to the center of such street, it being presumed that a
   grant by the state of land bordering on a highway conveys title to the
   center thereof.

2. RAILROADS—STREETS—RIGHT OF WAY—ABUTTING OWNER'S RIGHTS—INJUNC-
   TION.
   An abutting owner, holding title to the center of a street, whose right
   has not been acquired by a railroad company, is entitled to enjoin such
   company from building or operating its railway line on such street.

3. SAME.
   An injunction will not be refused an abutting owner seeking to restrain
   a railroad from constructing its line in the street, where the company has
   not acquired such abutting owner's rights, on the ground that the com-
   pany has proceeded to construct its line through the street, and has
   expended considerable money in such undertaking.

   Kellogg, J., dissenting.

Appeal from special term.

Action by Janet Franchoit Paige against the Schenectady Railway
Company to restrain defendant from constructing its road in the
street in front of plaintiff's premises.  From an order vacating a tem-
porary injunction (77 N. Y. Supp. 889) restraining defendant as
prayed, plaintiff appeals.  Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and
CHASE, JJ.

Edward Winslow Paige, for appellant.

Marcus T. Hun, James A. Van Voast, and Learned Hand, for
respondent.

PER CURIAM.  We have reached the conclusion in this case that
the plaintiff must be deemed the owner of the fee to the center of
Washington avenue.  The claim by the defendant that the original
patent under which she claims bounded her premises on the west
by such street, and that therefore, being from the sovereign, it oper-
ated to convey only to the east line of such street, is not, in our opin-
ion, a correct exposition of the law applicable to her case.  The cir-
cumstances under which such patent was issued are quite different
from those controlling the case of Graham v. Stern, 168 N. Y. 517,
61 N. E. 891, 85 Am. St. Rep. 694.  They are rather controlled by
the rule laid down in the Cheney Case, 8 App. Div. 620, 40 N. Y.
Supp. 1103, affirmed in 158 N. Y. 739, 53 N. E. 1123; and we do not
consider that such case was overruled or at all weakened by the
Stern Case.  It is sufficient to state our conclusion upon this ques-
tion, without giving an extended analysis of the argument by which
we reach it.

¶ 2. See Eminent Domain, vol. 18, Cent. Dig. §§ 773, 774.

Assuming that the plaintiff is such owner to the middle line of the street, the other questions which the case presents have been already decided by this court. In the Peck Case, 67 App. Div. 359, 73 N. Y. Supp. 794, we decided that Peck, who was an adjacent owner upon this street, was entitled to an injunction against this defendant, forbidding it from building or operating its line upon his property. And we further decided that the trial court did well in refusing to substitute for such an injunction an order that the amount of Peck's compensation for such taking by this defendant be ascertained and awarded in that action. Such decision sustains the plaintiff's right in this case to the injunction which the court below has refused, and in this respect our decision was approved by the court of appeals. Peck's Case, 170 N. Y. 298, 63 N. E. 357. The same reasons which induced us to concur with the action of the trial court in the Peck Case induce us to continue the injunction in this case. And more than that, and aside from the question whether the plaintiff can, under the constitution, be compelled to submit the question of her damages to the decision of the special term, the plaintiff's counsel upon this argument distinctly claimed that this defendant had no right to take the plaintiff's lands, even by condemnation proceedings; but he declined to then argue such question, because it was not presented by the record in this case. We see no reason why he should not be allowed to present that question upon a direct proceeding to condemn. Although the defendant has proceeded to construct its line through this street, it knew that, if the plaintiff was the owner to the center thereof, it was a trespasser in so doing. It deliberately expended its money, and took the risk of establishing that the plaintiff had no such ownership. It is not quite accurate to claim that it was compelled to build on each owner's land in order to get the question of ownership before the court. A threat to build, or very slight and inexpensive work, on any one of such adjacent owners, would have compelled a suit to enjoin it, and the moment such action was commenced the question of ownership as to all could have been tried and determined. We discover no particular equity in the position which the defendant has assumed in this case, and, while we are not disposed to grant a mandatory injunction requiring it to remove from the plaintiff's land what it has already unlawfully placed thereon, we do restrain it from using the same, or from any further entry thereon.

Although the parties agree that this record contains all the evidence either has, bearing upon the question of the plaintiff's ownership to the center of the street, yet we cannot, on this appeal, order a final judgment in the action. Our injunction, therefore, must necessarily be a temporary one, operating only until such final judgment shall be rendered.

Order reversed, with $10 costs and disbursements, and motion to vacate injunction denied, with $10 costs.

KELLOGG, J., dissents.