amination, that the defendant had customers at the two places, to whom he said he sold milk "after I have it examined at the depot,"— meaning the depot of the defendant; and he also testified that he was to deliver the milk in question "after he left such depot." It was shown by the defendant that the milk was tested at his depot before it went out to customers. The testing falls short of proving a sale or exposure for sale.

Assuming the plaintiff's testimony to be true, that the driver stated he was on his way to deliver milk at Twenty-Ninth and Thirty-Second streets and Ninth avenue, no delivery there was shown. Non constat, after the samples were taken from the cans, the driver then fearing that the milk was not up to the required standard, might have returned it to the defendant's depot, from which it was never afterwards taken. In fact there is uncontradicted testimony in the case from which it might be said that that is what was done.

The case comes well under the decision of the cases of People v. Wright, 19 Misc. Rep. 135, 43 N. Y. Supp. 290; People v. Kellina, 23 Misc. Rep. 137, 50 N. Y. Supp. 653. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.

---

(38 Misc. Rep. 384.)

PAIGE v. SCHENECTADY RY. CO. LANSING v. SAME. VAN EPPS v.
SAME. WHITMYRE v. SAME. BEATTIE v. SAME. THOMP-
SON v. SAME. VROOMAN v. SAME.

(Supreme Court, Special Term, Schenectady County. July, 1902.)

1. HIGHWAYS—TITLE OF ABUTTING OWNERS.

Where abutting owners claim under original patents of English coloni.a governors, or patents confirmatory of grants of Dutch governors, they will not be presumed to hold to the middle of a street which was a public highway at the time of the Dutch occupation, and was one of the boundaries mentioned in the original patents.

2. SAME—PRESUMPTIONS.

Where the sovereign or the public authorities are vested with the fee in a highway, the presumption that a grant of land abutting on or bounded by the highway conveys the fee to its center does not prevail.

Actions by Janet Franchot Paige, Caroline Paige Lansing, Belle Van Epps, Charles L. Whitmyre, Isabella Beattie, Louise A. Thompson, and Jacob V. Vrooman against the Schenectady Railway Company. Motion to vacate injunctions granted.

E. Winslow Paige, for plaintiffs.
Hun, Johnston & Hand, for defendant.

HERRICK, J. The plaintiffs in these several actions base their right to the injunction upon the claim that the defendant has laid or is about to lay its tracks over and upon lands of which they are

·owners in fee. Their claim to be the owners in fee of such lands is founded upon the presumption or inference of law that the owners of land abutting upon and bounded by a public highway own to the center of such highway. Very learned briefs, with numerous citation of authorities, have been presented to me upon this question. I shall, however, refer to but a few, and simply indicate, without lengthy discussion, the line of thought which has led me to the decision about to be made.

"The established inference of law is that the conveyance of land bounded on the public highway carries with it the fee to the center of the road, and is part and parcel of the grant. The idea of an intention in the grantor to withhold his interest in a road to the middle of it, after parting with all his right and title to the adjoining land, is never to be presumed. It would be contrary to universal practice. And it was said in Peck v. Smith, 1 Conn. 103, 6 Am. Dec. 216, that there was no instance where the fee of the highway, as distinct from the adjoining land, was ever retained by the vendor. It would require an express declaration, or something equivalent thereto, to sustain such an inference; and it may be considered as the general rule that a grant of land bounded upon a highway or river carries the fee in the highway or river to the center of it, provided the grantor at the time owned to the center, and there be no words or specific description to show a contrary intent." 3 Kent, Comm. 433. This presumption or inference of law is founded upon the theory that the land for the highway was originally taken from or contributed by the adjoining owners for the sole purpose of being used as a highway. Dunham v. Williams, 37 N. Y. 251. The rule that the conveyance of land bounded by a highway carries the fee to the center of such highway is founded upon this presumption that ordinarily there is no reason for supposing an intention in the grantor of lands to reserve the fee in a strip of a street or highway bounding them, when its control and use has ceased to be of importance or benefit to him. Graham v. Stern, 168 N. Y. 517–521, 61 N. E. 891. It is unnecessary to cite authorities to the effect that this inference or presumption of law applies to city streets as well as country highways. "Ownership of the fee in land in a street or highway has a substantial value to the abutting property holder in the degree of control it gives to him over the uses to which the street may be put. It vests him with the right to defend against and to enjoin a use of or an encroachment upon the street, under legislative or municipal authority, for purposes inconsistent with those uses to which streets should be, or have been ordinarily, subjected, unless just compensation is provided to be made. His ownership of the land in the street was subject only to the public easement therein as a highway. In the absence of any such a provision for compensation, the taking of the street for some new or additional and inconsistent use would be illegal. But if the abutting property owner does not own the fee of the land of his street, he has no such right to compensation, and is remediless against a taking of the street under legislative or municipal sanction for other uses, except such other uses should be un-

reasonable, and in their nature so improper as to obstruct a free passage upon the street, or to amount to a nuisance, or to deprive him of the enjoyment of easements of light, air, and access." City of Buffalo v. Pratt, 131 N. Y. 293, 299, 30 N. E. 233, 15 L. R. A. 413, 27 Am. St. Rep. 592. The inference or presumption of law that a grant of land abutting upon or bounded by the highway conveys the fee of the land to the center of the highway presupposes title in the fee of the highway to have been in the original grantor; and it is assumed or presumed that when he conveyed lands abutting upon such highway he also conveyed his title to the fee of the highway, because there was no object or purpose to be subserved by retaining the title to such highway, when he had parted with his ownership to the adjoining land. Obviously, the rule or inference of law referred to and the presumptions upon which it is based or exists cease to exist when the reason for it, and for the presumption upon which it is based, do not exist. When the grantor never had title to the fee of the land in the highway, he cannot convey such fee. When the grantor has a continuing interest in the existence, control, and use of a highway, the ordinary presumption that he has conveyed it away because its existence, control, and use have ceased to be of importance or benefit to him cannot prevail. Nor can such presumption, founded upon the theory that the land for the highway was originally taken from or contributed by the adjoining owners for the sole purpose of being used as a highway, prevail, when it appears that such land was never taken from or contributed by the adjoining owners. None of these presumptions can arise, or inferences be drawn, when the grantor is the sovereign or the public authorities, and the highway is in existence at the time of the grant. The reason for the existence of the presumption as between the ordinary grantor and grantee does not exist where the grantor is the sovereign or the public authorities vested at the same time with the fee of the highway and the adjoining land, because in such case there is no reason for presuming that the adjoining landowners contributed portions of their land, or that portions were taken from them, for the purpose of constituting a highway; because such sovereign or public authority has an interest in maintaining such highway or street. It holds title to the land for the public use and benefit, and has an interest in maintaining it as a highway,—indeed, a duty to so maintain it; and the presumption is not that it has conveyed it away, but that in furtherance of, and to comply with its interest and duty, it has retained it.

The rule that where "land is granted bounded on a street or highway there is an implied covenant that there is such a way, that, so far as the grantor is concerned, it shall be continued, and that the grantee, his heirs and assigns, shall have the benefit of it" (White's Bank of Buffalo v. Nichols, 64 N. Y. 65–73, and cases cited), applies with peculiar force where such grantor is the sovereign, or stands in the place and stead of the sovereign, having title in fee to the land through which such highway passes, and the lands abutting thereon. If, as we have seen, the fee, subject to the public ease-

ment, is of value to the abutting owner, it may be also of value to
the sovereign or public authorities. "The fee of the land has value
to him. It seems valuable to the municipality. He has possible
interests at stake to protect. The municipality may have other in-
terests to advance." City of Buffalo v. Pratt, 131 N. Y. 293–300,
30 N. E. 233, 15 L. R. A. 413, 27 Am. St. Rep. 592. For these
reasons the presumption that a grant of land abutting upon or bound-
ed by a public highway conveys the fee to the center of such high-
way does not prevail when the sovereign or the public authorities
are vested with the fee of such highway. Haberman v. Baker, 128
N. Y. 253–259, 28 N. E. 370, 13 L. R. A. 611; Dunham v. Williams,
37 N. Y. 251; Graham v. Stern, 168 N. Y. 517, 61 N. E. 891.

From the voluminous papers submitted to me, and the records
to which I am referred, it would appear that land situated in Schenec-
tady, of which the premises in the several actions here form a part,
was originally owned by the government of Holland, or by the Dutch
West India Company, which exercised governmental powers and
functions in the province of New York, under the government of
Holland; that subsequently such lands passed into the possession of
the English government, together with the rest of the province of
New York; and that the king of England made a conveyance
thereof to the duke of York, who subsequently became the king of
England, and he from time to time appointed colonial governors,
who from time to time made grants and conveyances of land. I
am also referred to certain deeds from the Indians to apparent set-
tlers, but I do not understand that they purport to convey the lands
in question here; but, if they did, the Indians had no title which
they could grant (Trustees of East Hampton v. Vail, 151 N. Y. 463–
471, 45 N. E. 1030), and hence no title could be derived from such
deeds. Apparently grants of land in what is now the city of Schenec-
tady were made from time to time by the Dutch governors; but
what they were, and their boundaries, do not appear, except as they
are set forth in confirmatory grants made by the several English
governors who succeeded them. The titles of all of the plaintiffs
are apparently derived from grants or patents made by the English
colonial governors, either originally or purporting to be confirmatory
of grants made prior to the occupation and conquest of the province
by the English. These grants indicate that there was a highway
where Washington street now is. The grants by the colonial gov-
ernors to the predecessors in title of the plaintiffs in many instances
bounded the lands so granted by or upon such highway. Some of
the deeds or patents confirming the Dutch grants and purporting to
follow the terms of such Dutch grants, show that when such Dutch
grants were made such highway was then in existence, and the lands
granted bounded thereby. And, the highway being so in existence
before the capitulation to the English, the title of the government
to such highway was complete. Dunham v. Williams, 37 N. Y.
251–253. The grantors of the plaintiffs' predecessors in title were
the sovereign, or the representative of the sovereign, owning not
only the lands conveyed in terms, but also the fee of the highway;

and that such sovereign or his representative intended to convey not only the land abutting .upon the highway, but also the fee to the center of the highway, cannot, for the reason I have stated, be inferred or presumed. For these reasons it seems to me that the plaintiffs have not established their title to the fee of the street in question. They may be able to do so upon the trial of the action. Before an injunction should be granted, the plaintiff should make his title reasonably certain, and, failing in that, such relief should be denied. The motions to vacate the preliminary injunction herein granted, with $10 costs. Let orders be entered accordingly.

Motions granted, with $10 costs.