from a misprint in the papers on appeal. That fact, however, cannot be, and cannot have been, regarded as material. The assumed inconsistencies do not appear to relate in any manner to the questions presented herein at the special term, and could not afford, even if they exist, a legitimate ground for the denial of the motion. Neither is the fact that it is hard for a judge to know what to rule about pleadings a sufficient ground for such denial. It cannot be impossible to know, and, in any event, our judicial system affords means for the correction of occasional error. A litigant is entitled to have a motion which is made in good faith entertained and determined upon the merits, and generally at the special term in the first instance. The order should be reversed, and the motion remitted to the special term for hearing and determination on the merits.

---

BEALE, Respondent, v. NEW YORK & Q. C. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 21, 1902.) Action by Charles L. Beale against the New York & Queens County Railway Company.

PER CURIAM. Judgment and order reversed, and new trial granted,—costs to abide the event,—for error in charge on the subject of contributory negligence, at folios 255 and 258 of the printed case.

GOODRICH, P. J., dissenting.

---

BEATTIE, Appellant, v. SCHENECTADY RY. CO., Respondent. (Supreme Court, Appellate Division, Third Department. December 12, 1902.) Action by Isabella Beattie against the Schenectady Railway Company.

PER CURIAM. Order (77 N. Y. Supp. 889) reversed, with $10 costs and disbursements, and motion to vacate injunction denied, with $10 costs. Injunction modified by striking out that part thereof which reads as follows: "And that they be further enjoined and restrained, until the further order of the court, from interfering with the removal of the railroad poles and wires and the restoration of the street by the plaintiff herein,"—upon opinion in Paige v. Railway Co. (decided herewith) 79 N. Y. Supp. 266.

KELLOGG, J., dissenting.

---

In re BIEBER. (Supreme Court, Appellate Division, First Department. November 7, 1902.) In the matter of Joseph Bieber. No opinion. Order affirmed, with $10 costs and disbursements.

---

BLYSTONE, Respondent, v. HAYES, Appellant. (Supreme Court, Appellate Division, Third Department. November 12, 1902.) Action by F. M. Blystone against Lewis S. Hayes. No opinion. Judgment unanimously affirmed, with costs.

---

BOARDMAN, Appellant, v. YUENGLING, Respondent. (Supreme Court, Appellate Division, First Department. December 5, 1902.) Action by John Boardman, Jr., against Catherine M. Yuengling. L. W. Thompson, for appellant. A. Crook, for respondent. No opinion. Judgment and order affirmed, with costs.

---

In re BOARD OF EDUCATION. (Supreme Court, Appellate Division, Second Department. December 9, 1902.) In the matter of the application of the board of education, etc., relative to acquiring title to certain lands on Bedford avenue.

PER CURIAM. The exception to that part of the referee's report which awards $330.50 to Messrs. Mulqueen & Mulqueen on account of their alleged lien is sustained, and the report is otherwise confirmed. It is true that proceedings to condemn land are a special proceeding, and that, under section 66 of the Code, an attorney may acquire a lien in such a proceeding. This, however, is only from the commencement of the special proceeding. But Mrs. Schoenig had died before the petition of the board of education herein was filed. Hence Messrs. Mulqueen & Mulqueen could never have represented her in the proceeding. Therefore they could not have acquired any lien. If they performed services for her in anticipation of the proceeding, under a contract of employment, her estate may be liable for such services upon a quantum meruit, but we are unable to see how they have any lien under the circumstances.

---

In re BOARD OF EDUCATION. (Supreme Court, Appellate Division, Second Department. December 9, 1902.) In the matter of the application of the board of education of New York City to condemn property on West Third street, Brooklyn, for school purposes. No opinion. Report confirmed, and order signed.

---

In re BOERUM ST. (Supreme Court, Appellate Division, First Department. November 14, 1902.) In the matter of Boerum street. No opinion. Motion granted.

---

BOSSHARDT, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 21, 1902.) Action by Jacob Bosshardt against the Metropolitan Street Railway Company. No opinion. Judgment of the municipal court affirmed by default, with costs.

---

BRADLEY, Appellant, v. LAWRENCE, Respondent. (Supreme Court, Appellate Division, Second Department. November 21, 1902.) Action by Alexander O. Bradley against William V. Lawrence. No opinion. Motion to dismiss appeal granted.

---

BRANDEGEE, Respondent, v. METROPOLITAN LIFE INS. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. December 2, 1902.) Action by John E. Brandegee, as executor, against the Metropolitan Life Insurance Company. No opinion. Judgment and order affirmed, with costs.