## THOMPSON et al. v. SCHENECTADY RY. CO. et al.

### (Circuit Court, N. D. New York. January 3, 1903.)

1. EQUITY—BILL IN NATURE OF BILL OF REVIEW—WHEN APPROPRIATE REMEDY.

   Where the rights of persons who were not parties to a suit in equity are affected by the decree entered therein, and they seek to obtain a modification of such decree by setting up matters which occurred pending the suit, but which were not presented to the court, the proper practice is by the filing of a supplemental bill in the nature of a bill of review.

2. SAME—LEAVE TO FILE—NOTICE OF APPLICATION.

   A supplemental bill, after decree, in the nature of a bill of review, cannot be filed without leave of court, but it is discretionary with the court whether to require notice to the defendants therein, or the parties to the decree, before granting such leave.

3. SAME—SUFFICIENCY OF BILL.

   A bill by property owners on a street for the modification of a decree entered by the court in a suit to foreclose a mortgage on the property and franchise of a street railroad company, to which complainants were not parties, so as to recognize and conform to an agreement made pending such suit between the receiver therein and complainants, and confirmed by the city council, for the permanent abandonment of a portion of the line of road covered by the mortgage, which was carried into effect by the removal of the track and the restoration of the pavement on the street in front of complainant's property. Held to show such equity in complainants as entitled them to a hearing on the merits.

### In Equity.

This is an application for an order vacating an order of Mr. Justice Wallace granted July 1, 1902, which order granted leave to file the bill of complaint herein, and also striking such bill of complaint from the files of the court. On the 1st day of July, 1902, Mr. Justice Wallace made an order granting

---

¶ 2. See Equity, vol. 19, Cent. Dig. §§ 588, 1110.

leave to the complainants herein to file their bill of complaint, and pursuant to such order the complainants filed their bill, and on the 8th day of September following filed their amended bill of complaint.

Hun, Johnston & Hand, for the motion.
Edward Winslow Paige, opposed.

RAY, District Judge. The affidavit of Hinsdill Parsons, president of the defendant herein Schenectady Railway Company, states the grounds on which the application to vacate is made as follows:

"The ground of the application is that no notice was served of the application for leave to file the bill as required by law, and that the bill is an improper bill of review, and does not state facts constituting any equity in the plaintiffs, and should not be allowed to be filed as a bill of review in its present form."

On the argument, and in the brief for the defendants, it is urged that the order granting leave to file the bill was improperly granted because not founded on a petition or affidavits. No such point or claim is made in the moving papers, and it is only necessary to say that, the point not having been presented there as a ground for vacating the order, it will not be considered here further than to say it is presumed in the absence of proof that Justice Wallace acted on either a petition or affidavits in the nature of a petition. The affidavit of Mr. Parsons further states, in substance, that the subject-matter of these actions has already been presented in seven actions for injunctions in the supreme court in the state of New York (77 N. Y. Supp. 889), and that such actions are now at issue, and that such matters have already been presented to such court in applications for temporary injunctions restraining the defendant Schenectady Railway Company from operating its roads. The affidavit then goes on to deny some of the material allegations of such bill of complaint. The amended bill of complaint alleges the ownership or possession and occupation by the complainants, respectively, of certain lots of land on Washington avenue, in the city of Schenectady, and further states how such title was derived; that the Schenectady Street Railway Company was incorporated about February 24, 1886, and, having obtained certain consents specified, it constructed a horse railroad on State street, and from the westerly end of State street northerly along Washington avenue, passing in front of the places of the complainants Thompson, Beattie, the Pecks, the complainants Lansing and Whitmyre, and the respondent Paige, but not going as far north as the southerly line of the premises of the complainant Vrooman, nor in any way in front of or passing any of the premises of the complainants Vrooman and Van Epps; that until July 2, 1891, said company operated the said railroad with horse cars in the summer and sleighs in the winter; that on the 2d day of July, 1891, having the consents mentioned, it changed to an overhead trolley and operated the railroad very irregularly with electric cars in the summer and sleighs in the winter, until it ceased the operation of the road as stated in such bill of complaint. It is then alleged that said railroad company made a mortgage to the Central Trust Company of New York on the 1st day of September, 1891, to secure the bonds

therein described, and gives the boundaries of the property so mort-gaged; that August 15, 1893, one Williams filed in the circuit court in the United States of the Northern district of New York a bill against the said railway company, and that one John Muir was duly appointed receiver of said railway company, and entered into the possession of all its property. The bill of complaint then sets out a petition made by said receiver and the manager of said railway company, praying, in substance, that the running of cars over the portion of the said street railway lying between the easterly side of Church street and Washington avenue and on Washington avenue from its intersection with State street to the Mohawk river bridge, be dispensed with until June 1, 1894, and that the running of the railroad on Washington avenue was then discontinued, and has not been resumed, except as hereafter stated; that authority was given to said railway company to discontinue the running of cars from Church street through State street to Washington avenue until December 1, 1894, and then states that on or about December 14, 1893, the said trust company of New York filed its bill of complaint against said street railway company for the foreclosure of said mortgage, and that June 19, 1894, one George W. Jones was duly appointed receiver in said action. The bill then alleges, in substance, that said receiver and the property owners on Washington avenue applied in October, 1894, to the common council of the city of Schenectady to have the running of cars at and on Washington avenue at places specified permanently discontinued, the track removed, and the pavement relaid, and it was stated in said application: "It is understood and agreed that this action of the common council and of the street railway company is not in any way to prejudice or affect injuriously the franchise or any of the rights of said street railway company except as to the running of its cars from Church street down to the Mohawk bridge." "The common council then adopted a resolution authorizing the railway company to dispense permanently with the operation of the road between Church street and Mohawk bridge on condition that the track on said portion of said streets be promptly removed, that the pavement on said portion of Washington avenue be restored, and that the said receiver reimburse the contractor now repaving the said portion of State street for any extra expense for labor and material incurred by said contractor by reason of the removal of said track." In all other respects the license of the Schenectady Street Railway Company to be and remain unchanged and in full force. This resolution was approved by the mayor the same day. The track of said road on Washington avenue and Church street was then taken up, and the pavements restored. This, it is alleged, was done by George W. Jones, as such receiver, and there has been no railroad or track there since, except as hereafter stated. The amended bill of complaint then alleges, in substance, the decree of sale in said foreclosure action, the sale of the mortgaged property to Kobbe, White, and Batchellor, the deeds given by the special master and by the receiver and the Schenectady Street Railway Company, containing the same descriptions contained in the mortgage. The receiver made a report, and from same and accompanying papers it appears that he turned

over the mortgaged property to the defendant the Schenectady Railway Company. It is also alleged that said defendant knew of such agreement to the abandonment of the road on Washington avenue.

Omitting certain allegations as to suits in the supreme court of the state of New York, none of which are res judicata as to the relief sought by this action, it appears from the amended bill of complaint that the Schenectady Railway Company was organized by said Kobbe, White, and Batchellor under the aforesaid sale of the mortgaged property and the laws of the state of New York, and that it in April, 1902, began to tear up Washington avenue and lay tracks there, relying upon the original consents of property owners to the construction of the original road, and which, as to certain parts thereof, was abandoned, as before stated. The prayer for relief is, in substance, that the decree of this court in such foreclosure action be reviewed and revised so as to omit from the description of the property therein Washington avenue, and that it be decreed that the agreement made between said Jones, as receiver, said property owners, and the city of Schenectady be and was assented and agreed to by all the property owners, by all the bondholders, by the Central Trust Company, by the Schenectady Street Railway Company, by the purchasers of such sale, and by the defendant the Schenectady Railway Company, and that same be approved by the court, and made binding on all the parties and all the world. Also that said defendant be restrained temporarily, and then by final decree, from building or operating its road on Washington avenue, etc.

The complainants in this action were not parties to such foreclosure. This action is in the nature of a motion to open the decree in that action, and be made parties to that foreclosure action, and permitted to set up the said agreement made during its pendency as to the abandonment of the road on Washington avenue. It is not shown that these property owners had actual notice of such proceeding, or of such decree, or of such deeds, or of any purpose on the part of the new company—really the purchaser at the sale—to disregard the said agreement and reconstruct the road or construct a new one on the strength of the consents to the establishment and operation of the original road. The respondent herein, the Schenectady Railway Company, has no equitable right to construct and operate a road on Washington avenue if it knew of the agreement mentioned, and its full execution, when organized. Having a decree of this court conveying to it all the mortgaged property, it is protected thereby; and it is claimed that, if this action cannot be maintained, then the property owners on Washington avenue are without remedy, and must submit to have this railroad in front of their premises, notwithstanding such agreement, which it is claimed was mutual, and based on good and sufficient considerations. This is a supplemental bill in the nature of a bill of review, and to a certain extent, and as to the parties named herein, an original bill in a new suit. It is a bill filed by new parties, whose rights and interests are affected by the decree made in the foreclosure action, and who seek to set up important and material matters which occurred during the pendency of that action, and which new matters are directly connected with the subject-matter of such

action. "When an event happens subsequently to the filing of an original bill, which gives a new interest in the matter in dispute to any person, whether or not already a party, without depriving all of the original plaintiffs suing in their own right of their interest, the defect arising from this event may be supplied by a supplemental bill." 1 Fost. Fed. Prac. p. 409, § 187. "A supplemental bill may be filed at any time during the progress of a suit, as well after as before a decree, and even during the pendency of an appeal." Id. p. 412, § 188. A defendant may file a supplemental bill, but not a supplemental statement. 2 Daniell, Ch. Prac. p. 1530, note 5; Lee v. Lee, 9 Hare, App. 91. May not file supplemental statement. Lee v. Lee, 10 Hare, App. 72. May file supplemental bill. 17 Jur. 272; Lys v. Lee, 4 De Gex, M. & G. 219; 17 Jur. 607; Berrow v. Morris, 10 Beav. 437. "A supplemental bill may be brought on behalf of the defendant in the suit." Morrison v. Searight, 4 Baxt. 479; Standish v. Radley, 2 Atk. 177; Earl of Portsmouth v. Lord Effingham, 1 Ves. Sr. 430. See Baker v. Whiting, 1 Story, 232, 233, Fed. Cas. No. 786, citing cases; Berrow v. Morris, 10 Beav. 437. A supplemental bill must not be confounded with a supplemental statement, which can only be filed by the complainant. The authorities are clear that, when new parties must be brought in, or the new matter is brought forward by persons not parties to the original suit, but whose rights and interests are affected by the decree already made, and who seek to set up matters which occurred during the pendency of the action, the filing of a supplemental bill in the nature of a bill of review is the proper practice. When a supplemental bill, after decree, makes a new case, or impeaches or is inconsistent with the decree, it becomes a bill of review, or a supplemental bill in the nature of a bill of review, and cannot be filed except with leave of the court. 2 Daniell, Ch. Prac. (6th Am. Ed.) 1536, note. Here leave has been granted. It was discretionary with the justice to whom the application to file this bill was made whether or not to require notice to the defendants in the supplemental bill and to the parties to the original action. Lee v. Lee, 4 De Gex, M. & G. 222, 223; Henry v. Insurance Co. (C. C.) 45 Fed. 303. No rule requires notice in such a case as this. It is not sought in this action to change the whole of the decree in the foreclosure action, but only so much thereof as, it is alleged, ought not to have been granted; and would not have been granted had the present complainants been parties thereto, with an opportunity to set up and prove the facts as to the agreement mentioned and the proceedings in execution thereof. In Berrow v. Morris, 10 Beav. 437, when a defendant filed a supplemental bill in the nature of a bill of review, the court said:

"The only question is whether she has taken the proper course by filing this bill. It is objected that it is a supplemental bill in the nature of a bill of review, which ought not to be filed without the leave of the court. There is something very plausible in the argument, because (as it is said), if every defendant is entitled to come and alter the account, it would lead to great inconvenience. I do not think it would lead to that result. There is a considerable difference between a plaintiff and a defendant coming, after decree, and asking additional relief against another defendant. The relief is necessarily additional to that already obtained, for to file an original bill would be idle; unless it were desired to alter the whole of the decree."

It may be said that there is a wider difference between a defendant and a stranger to the suit on the record not in interest, coming after decree for relief which he might have obtained in the original suit, but did not obtain because the parties thereto neglected to present to the court the facts upon which his equities rest. It would seem the filing of such a bill should be a matter of right. It is not intended to intimate any opinion as to the merits of the case, which can only be passed upon when the evidence is all in, and all the parties have been heard. In the suits in the supreme court of the state of New York the opinion of the learned justice at special term proceeded on the theory that the plaintiffs there and here had no title in the street (Washington avenue), and therefore no right to enjoin the tearing up of the avenue and the construction of a street railroad there. That question is not now before the court. It is, of course, necessary to pass on the question whether or not the amended bill, with all the exhibits, states facts, which, if not controverted, constitute any equity in the plaintiffs. If, during the pendency of that foreclosure, the agreement alleged was made by the persons and parties named, and executed and acted upon as claimed, and was known to and acquiesced in by the purchasers, and they then became, in effect, the defendant company, and it became the owner under and through the foreclosure sale, with full knowledge of the agreement, the ratification by the city, and the abandonment of the franchise and property as to Washington street, the plaintiffs have strong equity, and make a strong demand (whether sufficient or not is not now determined) for equitable relief. If all this be true, what was the effect upon the consents given by the property owners before any railroad was constructed on Washington avenue? Could the receiver make that agreement during the pendency of that action, execute it (and it must have been with the knowledge of the plaintiff in that action), and then, in equity, the parties proceed to sell and convey to the purchasers the right to reconstruct and operate a railroad on that avenue? Such right was covered by the decree made, and such right was sold and conveyed within the description of the property sold, but if all the allegations of the amended bill are true it would seem that there ought to have been an exception made of the abandoned right. It is not apparent that sections 13 and 103 of the railroad law have any application to this case.

The motion to vacate the order granting leave to file the bill and to strike the bill from the files of the court is denied.