GERE · v. McCHESNEY.

(Supreme Court, Appellate Division, Fourth Department.   May 12, 1903.)

1. CONVEYANCE BY STATE—BOUNDING LAND BY STREET.
    Where the state makes a map of land, designating blocks and streets
    thereon, and gives a patent of a block, describing it as a block of a
    certain number, as designated on the map, title to the fee to the center
    of the street, though it has not been opened or used as such, passes to
    the patentee.

Appeal from Trial Term, Onondaga County.

Action by William B. Gere against George H. McChesney.   From
a judgment for defendant, plaintiff appeals.   Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and HISCOCK, JJ.

Hancock, Hogan & Devine, for appellant.
Gill & Stillwell, for. respondent.

WILLIAMS, J.   The judgment should be affirmed, with costs.

The action is to recover possession of real property, and damages
for withholding the same.   The facts are not in dispute.   The ques-
tion involved is one of law.   The land in question, with that adjoining,
was originally owned by the state of New York.   In 1824 and 1870
the state caused maps of the locality to be made and filed in the office
of the Secretary of State.   Upon both of these maps, three streets
were designated—Tracey street, parallel with, and 92 feet south of, the
canal, and West and Plum streets, parallel with each other, and at
right angles with Tracey street and the canal.   The land bounded by
these three streets and the canal was designated on the maps as block
74.   In 1824 the defendant's grantor, by letters patent, acquired title
to block 74 from the state.   In the letters patent this property was
described as block 74, as designated on the map of 1824.   In the
subsequent deeds the property was described as block 74 on the map,
and as bounded on the west by Plum street.   The property on the
opposite side of Plum street, and between Tracey street and the canal,
was designated on the maps as block 73a; and that block was in 1870
conveyed by the state, by letters patent, to Barker and Monroe.   In
1896 the state, by letters patent, conveyed to the plaintiff all its interest
in the lands between block 74 and block 73a; being all of Plum street,
as designated on the maps, between Tracey street and the canal.   This
action is brought to recover possession of this land lying between
these two blocks, and designated on the maps as Plum street.   The
street has never been opened or used as a street, but is occupied by
defendant, who uses it as a part of his lumber yard.   Defendant claims
title to the easterly half of the land under the letters patent of the
state issued in 1824, because the street was the westerly boundary of
block 74; and he claims that the owners of block 73a have title to the
other half of the street under letters patent of the state issued in 1870,
and that the plaintiff therefore acquired no title to any portion of the
property by the letters patent of the state issued in 1896.

The trial court held that the plaintiff acquired no title to the prop-

erty, and dismissed his complaint, and this was a correct disposition of the case. The rule as to an individual grantor is well settled. His deed of property, bounding it upon a street of a city, conveys to his grantee the fee of the land to the center of the street, subject to the rights of the public for street purposes. Haberman v. Baker, 128 N. Y. 253, 28 N. E. 370, 13 L. R. A. 611. This rule applies equally to the state, when the grantor of lands in a city, which it had, by map, plotted and laid out into lots, blocks, and streets. Cheney v. S. O. & N. Y. R. Co., 8 App. Div. 620, 40 N. Y. Supp. 1103, affirmed without opinion in 158 N. Y. 739, 53 N. E. 1123; Paige v. S. Ry. Co., 77 App. Div. 571, 79 N. Y. Supp. 266. This rule may not apply to a city when it is the grantor of lands in such city. Graham v. Stern, 51 App. Div. 406, 64 N. Y. Supp. 728, affirmed in 168 N. Y. 523, 61 N. E. 891, 85 Am. St. Rep. 694. The reason of these distinctions is that, as to an individual grantor, there is no reason for presuming an intention on his part to reserve the fee in the street, bounding the lands conveyed, when its control and use had ceased to be of importance or of benefit to him. Haberman v. Baker, and Graham v. Stern, above. The same reason applies to the state, which has no more interest in the streets of a city than an individual. The state does not own such streets, and has no duty with reference to their care, opening, closing, construction, or repair. The city, representing the public, has those burdens imposed upon it. Cheney v. R. Co., above. But this reason may not apply to a city, where it is vested with the fee to the land in the street, and on each side thereof, and conveys lands, bounding them upon the street. The control of the strip of land in the street has not, as in the case of an individual and of the state, ceased to be of importance or benefit to the city. It has still the burden upon it in behalf of the public, of opening the street, if not yet open, keeping it open, working it, repairing it, and caring for it. Apparently the city would have an interest in retaining the fee of the street, and would not be presumed to have intended to convey the same to its grantees. Graham v. Stern, and Cheney v. R. Co., above.

The judgment was properly directed for the defendant, and should be affirmed, with costs. All concur.