WILLIAM B. GERE, Appellant, *v.* GEORGE H. McCHESNEY, Respondent.

*City street — the fee thereof passes under a conveyance by the State of New York of land described as bounded on the street — it is otherwise in case of a conveyance by the city in which the street is.*

Where the State of New York, being the owner of land located in a city, files a map thereof, on which the land is laid out into lots, blocks and streets, and conveys one of the blocks designated on the map, describing it as bounded, on the west, by a certain street, the grantee will take title to the center of the street.

*Semble,* that this would not be true, if the grantor, instead of being the State of New York, was the city in which the land was located.

APPEAL by the plaintiff, William B. Gere, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 29th day of September, 1902, upon the decision of the court, rendered after a trial at the Onondaga Trial Term, a jury having been waived, dismissing the plaintiff's complaint.

*T. E. Hancock,* for the appellant.

*F. B. Gill,* for the respondent.

WILLIAMS, J.:

The judgment should be affirmed, with costs.

The action is to recover possession of real property and damages for withholding the same. The facts are not in dispute. The question involved is one of law. The land in question, with that adjoining, was originally owned by the State of New York.

In 1824 and 1870 the State caused maps of the locality to be

made and filed in the office of the Secretary of State. Upon both of these maps three streets were designated, Tracey street, parallel with and ninety-two feet south of the canal, and West and Plum streets, parallel with each other and at right angles with Tracey street and the canal. The land bounded by these three streets and the canal was designated on the maps as block 74. In 1824 the defendant's grantor, by letters patent, acquired title to block 74 from the State. In the letters patent this property was described as block 74, as designated on the map of 1824. In the subsequent deeds the property was described as block 74 on the map, and as bounded on the west by Plum street. The property on the opposite side of Plum street and between Tracey street and the canal was designated on the maps as block 73A, and that block was in 1870 conveyed by the State by letters patent to Barker and Monroe. In 1896 the State by letters patent conveyed to the plaintiff all its interest in the lands between block 74 and block 73A, being all of Plum street as designated on the maps between Tracey street and the canal.

This action is brought to recover possession of this land, lying between these two blocks, and designated on the maps as Plum street. The street has never been opened or used as a street, but is occupied by defendant who uses it as a part of his lumber yard. Defendant claims title to the easterly half of the land under the letters patent of the State issued in 1824, because the street was the westerly boundary of block 74, and he claims that the owners of block 73A have title to the other half of the street under letters patent of the State issued in 1870, and that the plaintiff, therefore, acquired no title to any portion of the property by the letters patent of the State issued in 1896.

The trial court held that the plaintiff acquired no title to the property and dismissed his complaint, and this was a correct disposition of the case.

The rule as to an individual grantor is well settled. His deed of property bounding it upon a street of a city conveys to his grantee the fee of the land to the center of the street, subject to the rights of the public for street purposes. (*Haberman* v. *Baker*, 128 N. Y. 253.) This rule applies equally to the State, when the grantor of lands in a city, which it had by map plotted and laid

out into lots, blocks and streets. (*Cheney* v. *S., O. & N. Y. R. R. Co.*, 8 App. Div. 620; affd. without opinion, 158 N. Y. 739; *Paige* v. *Schenectady Ry. Co.*, 77 App. Div. 571.)

This rule may not apply to a city when it is the grantor of lands in such city. (*Graham* v. *Stern*, 51 App. Div. 406; affd., 168 N. Y. 523.)

The reason of these distinctions is that as to an individual grantor there is no reason for presuming an intention on his part to reserve the fee in the street bounding the lands conveyed, when its control and use had ceased to be of importance or of benefit to him. (*Haberman* v. *Baker* and *Graham* v. *Stern, supra.*)

The same reason applies to the State, which has no more interest in the streets of a city than an individual. The State does not own such streets and has no duty with reference to their care, opening, closing, construction or repair. The city, representing the public, has those burdens imposed upon it. (*Cheney* v. *S., O. & N. Y. R. R. Co., supra.*)

But this reason may *not* apply to a city, where it is vested with the fee to the land in the street and on each side thereof, and conveys lands bounding them upon the street. The control of the strip of land in the street has not, as in the case of an individual and of the State, ceased to be of importance or benefit to the city. It has still the burden upon it in behalf of the public of opening the street if not yet open, keeping it open, working it, repairing it, and caring for it. Apparently the city has an interest in retaining the fee of the street, and cannot be presumed to have intended to convey the same to its grantees. (*Graham* v. *Stern* and *Cheney* v. *S., O. & N. Y. R. R. Co., supra.*)

The judgment was properly directed for the defendant and should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.