Richard S. Heller, J.
This claim arises out of the appro-
priation by the State of New York of parcels of land situated within the City of Albany and the Town of Guilderland for State University purposes. A major portion of the property appropriated by the State was owned by the Albany Country Club and used in the operation of golf and other facilities for its members. In a prior action in this court the Albany Country Club recovered for all of the property taken except for a strip of land 99 feet wide and some 3,000 feet long running through such property in approximately an east-west direction. The court’s decision in the Albany Country Club claim (Albany Country Club v. State of New York, 37 Misc 2d 134, mod. 19 A D 2d 199, affd. 13 N Y 2d 1085) expressly excluded this strip of land upon the premise that title to the same was not in the claimant in that proceeding. In this action the City of Albany alleges that it owned the fee to the property and that it is entitled to damages by reason of the State’s appropriation.
The city’s claim of ownership has its ultimate base in what is referred to as the Dongan Charter, dated July 22,1686, by which Thomas Dongan, the then Governor of the Province of New York, granted to the “ Mayor, Aldermen and Commonalty ” of the City of Albany title to a tract of land which concededly includes the property involved herein.
The proof also established that title to the property remained in the City of Albany until 1817. In that year the Mayor and Commonalty of the city adopted resolutions authorizing what was thereafter referred to as the Van Alen survey covering *503 city-owned lands, including the area in question, and further authorizing the sale of such lands by the city.
The strip of land here involved appeared on the map resulting from the survey as Lydius Street. Also delineated on the map were “ great lots ” with a uniform width of 16 chains (1,056 feet) fronting on Lydius Street. .Subsequently these great lots to the north and south of Lydius Street, the name of which was later changed to Madison Avenue, were conveyed by the city to various individuals, among whom were the predecessors in title to the Albany Country Club. The only evidence with respect to these conveyances out established that the descriptions in the same were more or less uniform in describing the numbered lots to the north and south of Lydius Street as “ bounded by ” such .street. In no one of the conveyances was there language which could be construed as excepting or reserving title to Lydius Street.
It is well established that where property is conveyed either with reference to a map on which the premises are shown as abutting on a highway or by a description stating that the premises are bounded by a public highway, the conveyance carries with it the fee to the center of the road in the absence of an express or clearly ascertainable reservation. (Bissell v. New York Cent. R. R. Co., 23 N. Y. 61; Van Winkle v. Van Winkle, 184 N. Y. 193, 203; Johnson v. Grenell, 188 N. Y. 407.) This rule applies not only to conveyances by a private grantor but also to grants or conveyances by the State or a municipality and even though the street or highway exists only on paper. (Geddes Coarse Salt Co. v. Niagara, Lockport & Ontario Power Co., 207 N. Y. 500, 503.)
The above authorities appear to be controlling on the issue of title in this matter and in view of the descriptions contained in the only conveyances brought to the court’s attention the court is able to see little merit in the city’s claim of ownership, which received its only support in the opinion of an expert who had not bothered to search back to the original conveyances from the city.
In view of the foregoing, it appears that the only effect of the condemnation upon the City of Albany was to relieve it of a potential burden since there was no showing of any obligation on the part of the city to provide a substitute road or to adjust its system of streets and roadways in any respect as a result of the taking.
For the foregoing reasons the claim must be and the same hereby is dismissed.