CITY OF ALBANY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 39793.)

Herlihy, P. J., Reynolds and Greenblott, JJ., concur. Cooke and Sweeney, JJ., dissent and vote to reverse and order a new trial for the assessment of damages in the following memorandum: There should be a reversal and new trial for the assessment of damages. It is established that the grant of title by a city to property bounded by or upon a city street, in the absence of any more definite description, carries only to the line of the street (*People ex rel. N. Y. Cent. & Hudson Riv. R. R. Co.* v. *Priest,* 206 N. Y. 274, 283; *Graham* v. *Stern,* 168 N. Y. 517, 523; *Gere* v. *McChesney,* 84 App. Div. 39, 41). *Geddes Coarse Salt Co.* v. *Niagara, Lockport & Ontario Power Co.* (207 N. Y. 500) is not apposite since it applies to a conveyance by the State. The marked distinction between a conveyance by a municipal corporation and one by the State has been recognized in case law (i.e., *Paige* v. *Schenectady Ry Co.,* 178 N. Y. 102, 111; *Gere* v. *McChesney, supra*; *Paige* v. *Schenectady Ry. Co.,* 77 App. Div. 571) and by authorities (5 Warren's Weed New York Real Property [4th ed.], p. 141; 6 N. Y. Jur., Boundaries, §§ 40, 41). This difference is not a mere coincidence but based on the fact that a city is the owner in fee of the streets and holds title thereto in trust for street purposes (*Paige* v. *Schenectady Ry. Co.,* 178 N. Y. 102, 111, *supra*) whereas the State does not own streets as such (*Cheney* v. *Syracuse, Ontario & N. Y. Ry. Co.,* 8 App. Div. 620, affd. 158 N. Y. 739; *Gere* v. *McChesney, supra*). The appropriation took place on January 3, 1961 and was for purposes connected with the State University. Under section 3 of the General Municipal Law (L. 1960, ch. 180, effective March 8, 1960) and because the taking of these premises was for a substantially different purpose from the then existing use, claimant was entitled to just compensation to the same extent and subject to the same limitations as though it were private property (see *Central School Dist. No. 1 of Town of Colchester* v. *State of New York,* 18 A D 2d 943, affd. 13 N Y 2d 1031; *Town of Tonawanda* v. *State of New York,* 50 Misc 2d 3, 5, affd. 28 A D 2d 644; Message of the Governor, 1960 Legislative Annual, p. 471). Furthermore, in *Albany Country Club* v. *State of New York* (37 Misc 2d 134, 135, mod. 19 A D 2d 199, affd. 13 N Y 2d 1085), it was

stipulated that title to the 8.5 acres in question was in the City of Albany, and, accordingly, the State did not compensate the Albany Country Club for this real property. It was not the law's intention that the State acquire title in the absence of just compensation and it does not appear that nominal payment would be adequate for such a sizeable tract within the "paper street" strip, which, at the time of appropriation, had never been used as a street and possessed the physical attributes of greens, tees, fairways and woods. (See Second Class Cities Law, § 101; *Gerbig* v. *Zumpano*, 7 N Y 2d 327, 330–331.) [44 Misc 2d 502.]